## THE STATE v. DICK MOTEN, Appellant.

Division Two, December 23, 1918.

1. **INFORMATION: Statutory Crime: Necessary Allegations.** If defendant's offense is a statutory crime, the rule is that the indictment or information must substantially follow the wording of the statute defining it.

2. ———: **Burglary in Second Degree: No Charge That Goods Were Kept and Deposited in Building.** In view of the language of Section 4520, Revised Statutes 1909, unless at the time of the alleged burglary there was either a human being in the building, or goods, wares, merchandise or other valuable things were kept and deposited therein, the building was not one that could be burglarized; and an information which fails to charge that goods, etc., were "kept and deposited" in it and that the breaking and entry were with the intent to steal the goods, or that there was a human

being in the building at the time, is insufficient and bad, and will not support a verdict of guilty.

3. ———: Burglary and Larceny: Charged in Same Count. It is permissible to charge both burglary and larceny in a single count of the one information; but the two charges must be kept separate, and not jumbled together and intermingled, but each must be a complete and sufficient charge within itself.

Appeal from Moniteau Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*L. F. Wood* for appellant.

(1) The information was bottomed on Sec. 4520, R. S. 1909. It does not state that any human being was in the building or that any goods or other valuable thing was kept or deposited therein. One of these things it is necessary to allege and prove. All the facts necessary to be proved must be clearly and distinctly charged in the information. State v. Barbee, 136 Mo. 444; State v. Hayward, 83 Mo. 299; State v. Secrest, 130 Mo. 401; State v. Green, 111 Mo. 588; State v. Dale, 141 Mo. 289; State v. Fairlamb, 121 Mo. 154; State v. Meyers, 99 Mo. 168; State v. Rector, 126 Mo. 340; State v. Seigel, 265 Mo. 245; State v. Wade, 267 Mo. 256. (2) Where the offense is statutory all the material facts must be stated in the language of the statute or equivalent words. [State v. Wade, supra; State v. Marcus, 171 Mo. App. 28; State v. Gabriel, 88 Mo. 637; State v. Jump, 176 Mo. App. 299; State v. Meysenburg, 166 Mo. 25. (3) "Kept and deposited" are material words used in the statute defining the crime, and the failure to charge them is not cured by the Statute of Jeofails. [State v. Pemberton, 30 Mo. 376; State v. Bland, 69 Mo. 317; State v. Green, 111 Mo. 58.] (4) The charge of larceny does not aid the defect in this information. The defendant was acquitted of that charge and besides in criminal proceedings nothing can be implied or taken by intend-

ment.    Cases above, and State v. Bland, 69 Mo. 217; State v. Secrest, 130 Mo. 401.

*Frank W. McAllister,* Attorney-General, and *S. E. Skelley,* Assistant Attorney-General for respondent.

The information contains · all of the elements necessary to charge burglary and larceny under the statute, is duly verified by the prosecuting attorney, and is substantially in approved form. State v. Moss, 216 Mo. 441; State v. Watson, 141 Mo. 340; State v. Blockberger, 247 Mo. 605; State v. Burns, 263 Mo. 597.

FARIS, J.—Defendant, jointly charged with one Joe Short, by information, with the crime of burglary and larceny, took a severance, and upon his trial was found guilty of burglary alone, and his punishment assessed by the jury at imprisonment in the penitentiary for a term of two years. After the conventional procedure he has appealed.

The facts of the case while few and simple, are in no way necessary to an understanding of the legal points involved. But for reasons which will become apparent the information upon which the conviction was had is important. This information, omitting caption and other conventional parts in no wise attacked, reads thus:

"S. C. Gill, Prosecuting Attorney within and for Moniteau County, Missouri, upon his oath of office and upon his information and belief, informs the court that Joe Short and Dick Moten, on or about the sixth day of August, 1917, at the county of Moniteau and State of Missouri, into a certain store, shop and building of Herman Affolter there situate and being, feloniously and burglariously, forcibly did break and enter, with intent then and there, and thereby feloniously and burglariously, to steal, take and carry away certain goods, wares, merchandise, and other valuable things and personal property in the said

store, shop and building; twenty bottles of soda water of the value of one dollar, and two dollars, all of the value of three dollars, of the goods, wares, merchandise, other valuable things and personal property of the said Herman Affolter in the said store, shop and building then and there being found, then and there feloniously and burglariously did steal and take and carry away, with the intent then and there to deprive the owner Herman Affolter of the use thereof and to convert the same to his own use; against the peace and dignity of the State.''

After defendant's conviction he filed a motion in arrest, attacking the sufficiency of the above information. He contents himself with this sole point, and so shall we.

This prosecution is bottomed upon Section 4520, Revised Statutes 1909, which defines one of the ways in which, pursuant to statute, burglary in the second degree may be committed. So much of the above section as is pertinent to the question of the goodness *vel non* of the information herein reads thus:

''Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this State to be burglary in the first degree, . . . in which there shall be at the time any . . . goods, wares, merchandise, or other valuable thing kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree.'' [Sec. 4520, R. S. 1909.]

Obviously the offense denounced and defined above would not have been burglary at common law. It is therefore a statutory crime and the rule is that an information or an indictment for such a crime must substantially follow the words of the statute defining it. The information in this case does not charge that the factory, shop or building alleged to have been burglarized was one wherein goods, wares, and merchandise and other valuable thing *were at the time or then and*

*there "kept and deposited."* Unless at the time of the alleged burglary there was either a human being in the building or goods, etc., therein kept and deposited, the building was not such a one as could be burglarized. There is neither proof, allegation, nor contention that there was at the time of the alleged burglary any human being in this building; so unless there were at the time goods, etc., kept and deposited therein it was not the subject of burglary and it was not possible to commit a burglary by breaking and entering it.

The learned pleader evidently intended to charge both burglary and larceny in a single count of the same information, as is permissible. But while this is permissible the two charges must be kept separate and not jumbled together and intermingled and each must be a complete and sufficient charge within itself, barring mere formal allegations. [State v. Dooley, 64 Mo. 146.] In order to charge burglary under Section 4520, for the burglarious entry of a building in which goods, etc., are at the time kept and deposited, apt allegation must be made of the fact that goods, etc., are kept and deposited therein, together with the further averment that the breaking and entry was with the intent to steal the goods, etc., in the said building then and there being. [See State v. Moss, 216 Mo. l. c. 438; Kelley's Crim. Law & Proc., sec. 609.]

Our attention is called to the case of State v. Burns, 263 Mo. 593, wherein the defendant though informed against for both burglary and larceny had been convicted of the larceny only, so that in a manner of speaking the charge of burglary there became merely a collateral issue. The sole complaint made in that case touching the information was *that the charge of larceny was insufficient.* In disallowing this contention language is used *obiter* with reference to the sufficiency of the part of the information which charges the burglary which is possibly too broad. But whether this be so or not the Burns case furnished no authority for the omission here of the averment that in the

building alleged to have been burglarized goods, etc., were at the time kept and deposited. In fact this allegation was contained in the information in the Burns case. We are of the opinion that the information herein is fatally defective.

For the error in overruling the motion in arrest which challenged the sufficiency of the information herein, the judgment must be reversed and the case remanded for a new trial, in the event that the learned prosecuting attorney should be advised to file an amended information. Let it be so ordered. All concur.