STATE OF MISSOURI, Respondent, v. CHARLES H. MILLER, Appellant, No. 40493—221 S. W. (2d) 724.

Division One, June 13, 1949.

328

*Ira B. McLaughlin* for appellant.

*J. E. Taylor,* Attorney General, *Smith N. Crowe, Jr.,* and *Paul N. Chitwood,* Assistant Attorneys General, for respondent.

330

 CLARK, P. J.—On an indictment for burglary and larceny, defendant was convicted of grand larceny and sentenced to a term of two years in the state penitentiary. He appeals and we will discuss his assignments of error in order.

██ First, as to the sufficiency of the indictment which, omitting formal parts, after charging appellant with previous conviction of a felony, proceeds as follows: ". . . Charles H. Miller, on the 21st day of June, 1945, at the County of Jackson and State of Missouri, did then and there unlawfully, feloniously and burglariously break into and enter a certain building to-wit: the store room of Bergfeldt-Roueche, a corporation, located at Room 205 Dwight Building, 1005 Baltimore Avenue, Kansas City, Jackson County, Missouri, by forcibly bursting and breaking an outer window and door of said store room, there situate, the same being in a building in which divers goods, wares, merchandise, and valuable things were then and there kept for sale and deposited, with felonious intent the said goods, wares, merchandise and valuable things in said building then and there being, then and there unlawfully, feloniously and burglariously to steal, take and carry away; One Hundred (100) bolts of imported woolen cloth of the value of Three Thousand ($3,000) Dollars, Sixteen (16) woolen pieces of cloth, cut in the shape of pants

legs of the value of One Hundred Sixty ($160.00) Dollars, and One (1) Royal Portable Typewriter of the value of Thirty-five ($35.00) Dollars, of the aggregate value of Three Thousand One Hundred Ninety-five ($3,195.00) Dollars, of the goods and property of Berg-feldt-Roueche, a corporation, in the said building then and there being found, did then and there unlawfully, feloniously and burg-lariously steal, take and carry away; against the peace and dignity of the state.'' (T. 3)

. Appellant, though conceding that burglary and grand larceny may both be charged in the same count, says the two charges are so inter-mingled that it is not clear what property appellant is charged with stealing. He cites the cases of State v. Moten, 276 Mo. 354, 207 S. W. 768, and State v. Dooly, 64 Mo. 146. The defects found in the information in the Moten case and the indictment in the Dooly case are not similar to that claimed by appellant in the instant case. The indictment here is substantially like those approved in State v. Tipton, 307 Mo. 500, 271 S. W. 55, and State v. Crunkleton, (Mo.) 278 S. W. 982. Like the forms of many indictments which have been followed through the years with the approval of this and other courts, it could have been written in simpler and more modern style, but it substantially follows the statute and we hold it sufficient to apprise appellant of the offense with which he is charged.

■ As to the sufficiency of the evidence to sustain the charge of larceny: Appellant was identified by an employee of Bergfeldt-Roueche Corporation as a man who visited the corporation's place of business in Kansas City a few days prior to June 21, 1945, and made some inquiries about purchasing a suit of clothes. He wore a T.W.A. uniform. On the morning of June 22, when this employee went to his employer's shop he found that the door had been tampered with from the inside. After forcing entrance he discovered that many bolts of English woolen cloth, some pieces of cloth cut to trouser lengths, a typewriter and a trash box were missing. The outside window was open and there were marks upon the window sill and grating. There was evidence that the missing property was of the value of about $3,000.00. On June 22 police officers discovered a box containing a large amount of woolen cloth secreted near a country road about five miles north of Kansas City. The officers hid near the box. Some time that night a man dressed in a T.W.A. uniform, later identified as appellant, drove a T.W.A. station wagon back and forth a few times near the place where the box was hid. Then the man alighted from the station wagon and went down where the ''stuff'' was. When he came back the officers closed in, shouting that they were police officers. The man fled, one of the policemen shot at him, but he got away. In the station wagon were found two balls of twine, some wrapping paper and tape and appellant was identified as having recently purchased similar articles. Shortly thereafter

appellant was arrested by police officers in Chicago. They testified that he told them he took the woolen goods because he had an argument with a clerk in the shop and wanted revenge; that he took the goods in a T.W.A. station wagon to the country and when he went back to get them he was shot at ▮▮▮ and wounded in the leg. When arrested in Chicago he had a bullet wound in one of his legs. The stolen property was returned to the Bergfeldt-Roueche corporation by someone not named in the record.

Appellant argues that the evidence does not clearly identify the stolen property; also that cross-examination disclosed discrepancies in the testimony of some of the police officers and other witnesses.

The evidence clearly shows that certain property was stolen. At least some of this property was recovered and was sufficiently identified, although not in the exact language contained in the indictment. Appellant's suspicious conduct in furtively approaching the place where the stolen property was secreted, in the darkness of night, his flight from the police, coupled with his oral confessions to the Chicago officers, complete the case and make the evidence amply sufficient to sustain the charge of grand larceny. The credibility of the witnesses and the weight to be given their testimony was, of course, for the jury.

▮▮ Instructions: Appellant complains that a portion of instruction "B" assumes the truth of controverted facts and is not confined within the purview of the pleadings. The instruction reads, " . . . if you find and believe from the evidence beyond a reasonable doubt . . . that . . . defendant . . . did steal . . . the property described in the indictment *and shown by the evidence in this case . . . the goods and property of Bergfeldt-Roueche,* and unless you find the facts to be as above stated, you will acquit the defendant . . . " Appellant says that the part emphasized assumes that the property shown by the evidence is the same as that described in the indictment and that it belonged to Bergfeldt-Roueche.

Perhaps the instruction could have been better phrased, but when read in its entirety it does not assume the truth of any fact. The phrase "if you find and believe from the evidence beyond a reasonable doubt" relates to all the facts hypothesized and this is made more certain by the phrase "and unless you find the facts to be as above stated." Substantially similar instructions have been approved by this court over objections like that now made by appellant. [State v. Willard, 346 Mo. 773, 1. c. 785, 142 S. W. (2d) 1046; State v. Cohen, (Mo.) 100 S. W. (2d) 544.]

▮▮ The court refused to give instruction No. 7 offered by appellant. This would have told the jury that oral statements or admissions of guilt by defendant should be received with "great care and caution." But the court gave instruction No. 3, offered by appellant, that appellant could not be convicted on his admissions to the officers

unless the same were corroborated by other evidence, and also gave the customary instruction as to credibility of witnesses. We find that the court did not err in refusing instruction No. 7. [State v. Pope, 338 Mo. 919, 92 S. W. (2d) 904.]

No error was committed in the refusal of appellant's instruction No. 11, a cautionary instruction on circumstantial evidence. The evidence was not wholly circumstantial and it was not mandatory to give such an instruction. [State v. Huff, 353 Mo. 791, l. c. 798, 184 S. W. (2d) 447.]

It being unnecessary to instruct on the matters contained in appellant's refused instructions No. 7 and 11, the court was not required to give substitute instructions therefor.

Appellant claims error in the following remarks made by the assistant prosecuting attorney in his closing argument to the jury:

"Now, gentlemen of the jury, after all, this is your town. I am just your servant here, just working for you, trying to keep thieves from carrying the town off. If you want ex-convicts, and that is what this man is, he is not a boy, he is a man, he was 20 years old when he went to the Industrial Reformatory for stealing this mail.

"MR. RUCKER: I object to that. That is not true. He was 18 years old.

"THE COURT: You will be governed by the evidence.

"MR. RUCKER: I object to that statement and ask that the jury be instructed to disregard it.

"THE COURT: You will be governed by the evidence.

(To which action and ruling of the Court the defendant duly excepted.)

"MR. GILWEE: (continuing) If you want a man who is an ex-convict, if you want him loose in the streets of your town, running around in the middle of the night prowling places, that is your business, but don't come crying in here that the town is being overrun by burglars and robbers if you turn him loose. He don't belong here. He wasn't raised here. He is just another one of these men that get out of the penitentiary and come to this town for a while and they try to carry the town away with them.

"MR. RUCKER: I object to that statement as highly inflammatory and prejudicial and not based on any evidence in the case.

"THE COURT: Let it be stricken.

"MR. RUCKER: I ask that Mr. Gilwee be reprimanded.

"THE COURT: Confine your argument to the evidence.

"MR. RUCKER: And I ask that the jury be discharged because of the inflammatory and prejudicial statement.

"THE COURT: Let it be denied."

The objection to the first part of the quoted argument concerned the age of appellant when previously convicted. The mis-statement of appellant's age, if so, does not compel a reversal of the case.

The further part of the argument as to appellant being an ex-convict was within the evidence and the fact was material on the extent of his punishment, but not as to his guilt of the charge for which he was being tried. The further statement as to appellant's non-residence was also within the evidence, but was wholly immaterial upon the question of his guilt.

The argument was improper, but does not require a reversal. The trial court sustained appellant's objection to the extent of ordering the remarks stricken and admonishing the prosecutor to confine his argument to the evidence. The argument seems to have had no prejudicial effect. Although the evidence of appellant's guilt was strong and his previous conviction was undisputed, the jury did not convict him under the Habitual Criminal Act. It found him guilty of grand larceny only and gave him the minimum sentence. [State v. Gordon, 253 Mo. 510, 161 S. W. 721.]

The cases of State v. Tiedt, 357 Mo. 115, 206 S. W. (2d) 524, and State v. Jackson, 336 Mo. 1069, 83 S. W. (2d) 87, cited by appellant on this assignment are not in point. In each of those cases the extreme penalty of death was assessed and the argument for the State was much more prejudicial than in the instant case.

Finding no reversible error the judgment is affirmed. All concur.