258 S.W.2d 611 (1953)
STATE
v.
KELLY.
No. 43560.
Supreme Court of Missouri Division No. 1.
June 8, 1953.
John M. Dalton, Atty. Gen., and W. Don Kennedy, Asst. Atty. Gen., For respondent.
Richard W. Mason, Saint Joseph, for appellant.
COIL, Commissioner.
Robert Lee Kelly was charged by an amended information with burglary in the second degree and larceny, and with a prior felony conviction. A jury found the prior conviction and found defendant guilty of larceny and assessed his punishment at five years in the penitentiary. Sections 560.070, 560.155, 560.110, 560.160, 556.280, RSMo 1949, V.A.M.S.
Defendant has filed a transcript on appeal and a brief. The grounds in his motion for new trial are these: "(1) The Court erred in admitting incompetent and irrelevant evidence over objection of defendant. (2) That the Court erred in giving written instructions 1 to 12; that said instructions do not correctly set forth the law and invade the province of the jury. (3) That the verdict of the jury is against the law and the evidence. (4) That under the law and the evidence the verdict should have been for the acquittal of the defendant. (5) That the Court erred in admitting improper, irrelevant and incompetent evidence over the objection of defendant. (6) That the Court erred in admitting improper *612 exhibits over the objection of the defendant."
Defendant contends in point 1 of his brief that the trial court erred in permitting the assistant prosecuting attorney to make a certain comment in the opening statement. No such assignment is contained in the motion for new trial. "Assignments of error not set forth in the motion for new trial but presented for the first time in defendant's brief filed herein are not preserved for review." State v. Wilson, 361 Mo. 78, 86[9], 233 S.W.2d 686, 689[12].
Defendant has not briefed any point relating to alleged errors in instructions or to the sufficiency of the evidence to sustain the verdict. Consequently, grounds 2, 3, and 4 of his motion for new trial are deemed to be waived or abandoned. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43, 49[15, 16]; Supreme Court Rule 28.02.
Assignments 1, 5, and 6 in the motion for new trial are too general to preserve any point for review. None specifies the error complained of; they state conclusions. State v. Clemons, 356 Mo. 514, 516[1], 202 S.W.2d 75, 76[1]; State v. Henderson, 356 Mo. 1072, 1076[1], 204 S.W.2d 774, 777[2]; State v. Davis, Mo. Sup., 161 S.W.2d 973[2-4]. Appellant's brief cannot supply deficiencies in his motion for new trial. State v. Henderson, supra, 204 S.W.2d 777[3, 4].
It follows that defendant has preserved nothing for appellate review.
We have reviewed the record proper. It contains the amended information and shows: defendant's arraignment, plea of not guilty, the empaneling of a jury, the trial proceedings and the presence of defendant thereat, the verdict of the jury, the filing and overruling of a motion for new trial, allocution, and the sentence and judgment in accordance with the verdict.
The information is proper in both form and substance. It properly charges the offenses of burglary in the second degree and grand larceny. Sections 560.070, 560.155, 560.110, supra; State v. Miller, 359 Mo. 327, 331, 221 S.W.2d 724, 725. It properly charges a former conviction of felony and defendant's discharge from judgment of conviction; and that the offenses charged in the amended information were committed after defendant was discharged from his previous sentence. Section 556.280, supra; State v. Harrison, 359 Mo. 793, 794[1], 223 S.W.2d 476, 478[1].
The verdict of the jury was: "We the jury in the above entitled cause find the defendant guilty of Larceny from a building, Second Offense, as charged in the information, and assess his punishment at imprisonment in the State Penitentiary for a term of five (5) years. Geo. L. Roberts, Foreman.
"We the jury in the above entitled cause find the defendant not guilty of Burglary in the Second Degree, as charged in the information. Geo. L. Roberts, Foreman."
The verdict should have contained a specific finding by the jury that defendant had been convicted of a prior felony as charged, rather than a finding of "Second Offense." State v. Humphrey, 357 Mo. 824, 828[3], 210 S.W.2d 1002, 1005[7-9]. However, by reference to the information, the evidence of a prior felony conviction, and the instructions of the court, the meaning of the verdict is clear. Under these circumstances, it was sufficient in form and substance to sustain the judgment. State v. Villinger, Mo.Sup., 237 S.W.2d 132, 134 [6, 7]. The punishment assessed was authorized. Sections 560.160, 556.280, supra; State v. Bearden, Mo.Sup., 245 S.W.2d 838, 839[4, 5]. The words "from a building" contained in the verdict may be treated as surplusage. State v. Falco, 330 Mo. 982, 987[7], 51 S.W.2d 1030, 1033[6, 7].
There are no prejudicial errors apparent upon the record before this court. The judgment is therefore affirmed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.