**UNITED STATES of America,**
**Appellee,**

v.

**James Loray JOHNSON, Appellant.**

**No. 72–1031.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Sept. 26, 1972.

---

1. Alexander v. Gardner-Denver Co., 346 F.Supp. 1012 (D.C.Colo.1972).

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

A jury found appellant guilty of three offenses charged in separate counts:

1. Possessing a United States Treasury check in the amount of $181.70, which had been stolen from and out of the United States mail, knowing the check had been stolen, in violation of 18 U.S.C. § 1708.

2. Falsely uttering and forging the same check by endorsing on the back thereof the name of one of the payees, in violation of 18 U.S.C. § 495.

3. Uttering and publishing, with intent to defraud the United States, the same check described in Count I, in violation of 18 U.S.C. § 495.

Judgment of conviction was entered and appellant was given concurrent sentences of five years imprisonment on each count.

In this appeal, appellant raises for consideration two basic contentions: (a) failure of investigating federal officers to give proper *Miranda* warnings [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] before obtaining incriminating statements from appellant; and (b) insufficiency of corroborating evidence independent of appellant's confession to sustain the conviction under Counts I and II. We reject the contentions and affirm.

The uncontradicted evidence shows that on October 8, 1971, appellant attempted to cash a United States Social Security check dated September 29, 1971, in the amount of $181.70, issued in Kansas City, Missouri, to Raymond C. and Margaret Springer, husband and wife, and mailed from Kansas City, Missouri, to the Springers in St. Louis, Missouri. Appellant presented the check to the Brentwood Bank in St. Louis County, Missouri, on October 8, 1971, and attempted to procure cash for the amount of the check. The name of payee, Ray-

William J. Gerard, St. Louis, Mo., on brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

mond C. Springer, was endorsed illegibly on the back of the check. Because of suspicious circumstances surrounding the transaction, including the fact that appellant had no account at the Brentwood Bank, the bank employees declined to accept the check. As appellant left the bank, police officers were alerted and shortly thereafter appellant and two other occupants of the automobile were stopped and the subject check was removed from the person of appellant.

On October 12, 1971, the United States Secret Service Agent interviewed appellant. At the outset of the interview the full *Miranda* warnings contained on SS Form No. 1737 were given to appellant by the agent, who read the warnings in an audible tone. After being so warned, appellant stated that he had received the check from a postal employee named "Arthur" as part of a scheme in which Arthur would purloin checks, appellant would cash them, and the two men would split the proceeds "fifty-fifty." Appellant admitted to the Secret Service Agent that he had forged the name of payee, Raymond C. Springer, had taken the check to the Brentwood Bank on the date above mentioned, and had attempted to negotiate the same.

On October 13, 1971, appellant was interviewed by two postal inspectors. Again, appellant was given the full *Miranda* warnings, after which he made the same incriminating statements to the postal inspectors as he had given to the Secret Service Agent.

The district court, upon objection to the admission of the incriminating statements, conducted a Jackson v. Denno hearing [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)] out of the hearing of the jury and made a specific finding as to each confession that it had been voluntarily given after appellant had received the warnings to which he was entitled under the teachings of *Miranda*.

The gist of appellant's claim in regard to his incriminating statements is that the confession made to the postal inspectors was not voluntary because one of the inspectors had promised, at least by innuendo, that if Johnson confessed, he would be granted leniency by the court.

■ We have carefully examined the record and are fully convinced that this claim of error is lacking in merit. Appellant stood upon his right not to testify and relies entirely upon cross-examination of one of the postal inspectors in an abortive attempt to demonstrate the second confession resulted from a promise of leniency. We hold the incriminating statements were properly admitted into evidence.

■ Appellant does not attack the sufficiency of the evidence to sustain the conviction under Count III. Therefore, under the concurrent sentence rule, we would be justified in sustaining the judgment of conviction because, as noted, appellant received concurrent five-year sentences. We have nonetheless examined the merits of appellant's claim that the evidence was insufficient to warrant submission of Counts I and II to the jury because there was nothing before the jury except his uncorroborated confession or incriminating statements. His claim is patently frivolous. The record conclusively establishes corroborating circumstances and, therefore, the court properly submitted all three counts to the jury.

In sum, we hold the evidence of guilt is strong and compelling; appellant was afforded every right to which he was entitled; he received a fair trial, and the judgment must be and is affirmed.