**Bert Leroy HUNTER, Appellant,**

v.

**Harold R. SWENSON, Warden,**
**Appellee.**

**No. 74–1261.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1974.

Decided Oct. 24, 1974.

---

Thomas M. Larson, Asst. Public Defender, Kansas City, Mo., for appellant.

Dave Robards, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The sole issue raised in petitioner's appeal from denial of his petition for habeas corpus is whether or not a confession used at his first degree murder trial was involuntary. He alleges that it was induced by false representations on the part of interrogating state authorities that the prosecutor would consider filing a lesser charge in exchange for a confession. His application for habeas corpus was previously reviewed by this Court and the case was remanded for an evidentiary hearing because the Court believed that the District Court may have based its original denial on an incorrect determination that the interrogation had included absolutely no discussion of a possible "deal." Hunter v. Swenson, 442 F.2d 625 (8th Cir. 1971).

After holding an evidentiary hearing, Judge Collinson denied relief, Hunter v. Swenson, 372 F.Supp. 287 (W.D.Mo. 1974), finding that the petitioner knowingly and intentionally waived his Fifth and Sixth Amendment rights. *Id.* at 297. He also held that the confession was voluntary, based on the following findings: (1) that "no express or implied promise of leniency was ever made to Hunter," *id.* at 298; (2) that "Hunter did not reasonably believe that a promise of leniency had been made to him," *id.* at 299; and (3) that "Hunter's statement was not induced by [any such] promise or belief in a 'but for' sense," *id.* at 300. After reviewing the record, we do not believe that these findings are clearly erroneous, and, therefore, affirm for the reasons stated by Judge Collinson. For an analogous case, *see*, United States v. Johnson, 466 F.2d 1210 (8th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 974, 35 L.Ed.2d 279 (1973).

In light of our affirmance on these grounds, we find it unnecessary to reach a conclusion as to the propriety of a fourth ground given by the District Court: that, even if the confession was based on a promise of leniency, it was admissible as it was not coerced. Hunter v. Swenson, *supra*, 372 F.Supp. at 300. We have misgivings about this theory. The case cited by the District Court to support it, Santobello v. New York, 404 U.S. 257, 261–262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), involved a guilty plea in exchange for a promise of leniency which was not kept. There, the Supreme Court remanded for a granting of specific performance of the promise or, in the alternative, withdrawal of the plea. Although a guilty plea and a confession may not be subject to precisely the same standards—a question which we do not decide—surely that case does not support the theory that a confession based upon a broken promise of leniency is admissible if uncoerced. Indeed, it expressly held that

> * * * when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499. *Cf.* United States v. Gallington, 488 F.2d 637, 640 (8th Cir. 1973), cert. denied, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). A similar rule was applied to require exclusion of a confession based on a false promise of leniency in Grades v. Boles, 398 F.2d 409 (4th Cir. 1968). And Bram v. United States, 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897), stands for the proposition that "[a] confession can never be received in evidence where the prisoner has been influenced by any threat or promise * * *."

It is because we cannot disagree with the District Court's findings that there were no promises and that petitioner did not believe that there were promises of leniency, that we affirm.