**STATE of Missouri, Respondent,**

v.

**Edward JOHNSON, Appellant.**

**No. 57471.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1975.

William P. Russell, Samuel I. Kohn, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., for respondent.

BARDGETT, Judge.

A jury found defendant Edward Johnson guilty of murder in the first degree and assessed the death penalty. Judgment was entered in accordance with the verdict and, after an unavailing motion for new trial, Johnson appealed.

This case was tried and the appeal taken prior to January 1, 1972, and, after numerous continuances awaiting the transcript and briefs to be filed here, the cause was argued in the May 1975 session. Because the appeal was filed prior to January 1, 1972, from this felony conviction, this court has jurisdiction. Art. V, sec. 3, Mo.Const., as amended.

On the night of October 31, 1969, Mrs. Hermine Rohs, her son Willy, and Willy's wife Marilyn, were fatally stabbed by intruders in Mrs. Rohs' apartment in St. Louis. Various items of personal property were stolen from the victims and the women were raped. Mrs. Hermine Rohs and Willy Rohs were dead on arrival of the police. Marilyn Rohs died November 10, 1969, from her wounds. Defendant has previously been convicted of the murder of Marilyn Rohs, which conviction was affirmed on appeal. *State v. Johnson,* 488 S.W.2d 645 (Mo.1973). In the companion case of *State v. Smith,* 491 S.W.2d 257 (Mo.1973), Willie Smith's conviction for the murders of Marilyn and Willy Rohs was affirmed. The instant conviction is for the murder of Willy Rohs.

Defendant's points I, II, and IV, will be considered together. They are (I) "The court erred in overruling Motion to Suppress physical evidence" and (II) "The court erred in overruling Motion to Suppress any and all alleged oral statements or confes-

sions". The items of physical evidence referred to, although not set forth specifically in the brief, are state's exhibits 16, 17, and 26—a watch and ring seized from Willie Smith at the time of Smith's arrest and a driver's license receipt found in Smith's wallet, and state's exhibits 24 and 25—defendant's wallet which was seized at his home sometime after defendant was arrested and a driver's license of one Willie J. Smith found in defendant's wallet.

The oral statements or confessions referred to in point II are statements he allegedly made at a hospital after viewing Marilyn Rohs; statements made by defendant in a police car while being returned to the police station; and subsequent statements made at the police station. Point IV alleges the court failed to hold a voluntariness hearing in connection with the oral statements or confessions.

Defendant's basic contention is that his warrantless arrest was illegal as being without probable cause; that the exhibits mentioned supra were seized as a direct result of the illegal arrest in that the seizure of the said exhibits was in consequence of and a direct result of information allegedly obtained from defendant in the statements about which he complains (and denies having made) and, therefore, were inadmissible as having been obtained in violation of his constitutional rights against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the U.S. Constitution, and Art. I, sec. 15, Mo. Const.

*State v. Johnson, supra,* was an appeal from this defendant's conviction of the murder of Marilyn Rohs. This appeal is from his conviction of the murder of Willy Rohs. The arrest, physical evidence, and oral statements, which were the subject of the prior case of *State v. Johnson,* are the same arrest, physical evidence, and statements involved in this appeal.

In *State v. Johnson, supra,* the court said, 488 S.W.2d at 647: "The trial court found there was no probable cause for the arrest, but that the incriminating statements were voluntary and that the testimony was sufficient to establish the warnings had been given, especially when there was no testimony from defendant that the warnings had not been given or that any pressure was applied to him; that as to the police entering the house and obtaining the wallet, the evidence showed defendant had consented. The court overruled the motions to suppress."

And at 649 the court said: "Defendant takes the position that because of the illegal arrest and lack of counsel at the hospital confrontation, it follows automatically that the incriminating statements and the ring and the watch found at Willie James' [Smith's] house are inadmissible as being 'fruit of the poisonous tree', citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, as his leading case. This court has refused to adopt defendant's position, reasoning the fact may be in some cases that, despite the illegal arrest, the statements actually are made voluntarily without coercion. See *State v. Fair* (Mo. Sup. banc), 467 S.W.2d 938 and *State v. Newell* (Mo.Sup.), 462 S.W.2d 794."

Subsequent to this court's decision in *State v. Johnson, supra,* the Supreme Court of the United States decided *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The arrest of Brown was without warrant or probable cause and, therefore, illegal. The court held 422 U. S. at 601, 95 S.Ct. at 2261, 45 L.Ed.2d at 427, ". . . the Miranda warnings, *alone* and *per se,* cannot always make the act [confession] sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality [illegal arrest] and the confession. They [Miranda warnings] cannot assure in very case that the Fourth Amendment violation has not been unduly exploited. See *Westover v. United States,* 384 U.S. 436, 496–497, 86 S.Ct. 1602, 1639, 16 L.Ed.2d 694."

The court rejected the per se rule, a proposal under which the Miranda warnings would in and of themselves cure all taint of an unlawful arrest, but also rejected a so-called "but for" rule under which the taint of an illegal arrest would remain so as to render inadmissible a confession following an illegal arrest even though the arrested person did, in fact, confess as an act of his free will unaffected by the initial illegality, the illegal arrest. The court said the question of whether a confession is the product of a free will under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), must be answered on the facts of each case.

The criteria enunciated in *Brown v. Illinois, supra,* with respect to confessions following an illegal arrest was the law of this state prior to *Brown* and was articulated and applied in the earlier Johnson case and in *State v. Fair,* 467 S.W.2d 938, 943 (Mo. banc 1971).

The trial court here held an evidentiary hearing on defendant's motions to suppress after the jury was selected in this case. At the conclusion of the hearings the court overruled the motions and found the statements attributed to defendant to have been freely and voluntarily given after having been fully advised of his rights and without coercion or promises.

As noted supra, this court accepted the trial court's finding in the earlier Johnson case that the warrantless arrest of Johnson was illegal as without probable cause. The evidence given at the preliminary hearing in the instant case does not warrant a different conclusion.

The physical evidence and statements of defendant were held admissible in the earlier Johnson case on the basis that, although the arrest was illegal, "the incriminating statements and what was developed against defendant from them were not the product or exploitation of the illegal arrest but were rather from defendant's own decision to speak out, and the trial court did not err in admitting the incriminating statements and

the ring and watch found in the possession of defendant's companion." 488 S.W.2d at 649.

At the hearing on the motions to suppress in the instant case, but not in the earlier case, Johnson testified that he demanded a lawyer at about 7:30 p. m. or about 45 minutes after arriving at police headquarters following his arrest and before being taken to the hospital room of Marilyn Rohs; that none was provided until about 9:30 p. m. when he returned from the hospital; that he received no rights warnings from anyone; and that the police hit him several times. He reiterated that he had made no incriminating statements to the police and again denied having given the police permission to return to his home and search it.

Witnesses for the state testified the defendant had been advised of his rights immediately after being arrested at his home and several times after that; that no one hit the defendant; that defendant did not request a lawyer until after he made the incriminating statements; that an attorney from the public defenders office did arrive at the police station and defendant consulted with him; that defendant requested the police to get his billfold from his home and said it contained a clue to the other participant in the crimes; that defendant made the statements or confessions after leaving the hospital room of Marilyn Rohs without any questioning by the police or prosecutors.

The evidence here supports a finding that the police advised Johnson of his rights following the arrest; that Johnson was taken to the hospital where Marilyn Rohs was a patient but was not questioned there nor while returning to the police station; that Johnson made an incriminating statement after leaving Marilyn Rohs' hospital room and while still in the hospital freely of his own volition and not in response to any questions; that Johnson made a further incriminating statement while returning to the police station freely and of his own volition and not in response to any questioning.

Obviously the occasion for those statements would not have occurred had Johnson not been arrested, but that would be true of practically all statements made after an arrest. *Brown v. Illinois, supra,* and our cases of *State v. Johnson, supra,* and *State v. Fair, supra,* accept that fact but hold that such statements may be admissible in spite of the illegal arrest if they are the product of the person's free will.

The court holds that the statements made by defendant, although occurring after arrest, were made on his own decision and as an act of his free will to confess and not as a result of exploitation of the arrest. Points I, II, and IV are overruled.

As point III defendant contends that the court erred in overruling his motion to dismiss the indictment on double jeopardy grounds. Defendant had previously been convicted of murder in the first degree in connection with the death of Marilyn Rohs, *State v. Johnson, supra,* and contends that he, therefore, cannot be prosecuted for the death of Willy Rohs. The point is overruled. *State v. Moton,* 476 S.W.2d 785 (Mo. 1972); *State v. Smith,* 491 S.W.2d 257 (Mo. 1973), cert. den. 414 U.S. 1031, 94 S.Ct. 460, 38 L.Ed.2d 322.

Defendant asserts as point V that "Statements of Circuit Attorney were prejudicial to Appellant and were designed to inflame the jury", and simply refers the court to the opening statement and closing argument of the state. They have been reviewed and no prejudicial error is apparent. The point is overruled.

Defendant's point VI is that the court erred in denying defendant's motion to waive trial by jury under Art. I, sec. 22(a), Mo.Const., which provides in pertinent part, ". . . and that in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury."

After the jury was selected and before the evidence began, defendant filed a memorandum waiving a jury and requesting trial by the court. The motion or request was overruled. This point has been ruled against defendant's position in *State v. Taylor,* 391 S.W.2d 835 (Mo.1965), and *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The point is overruled.

Point VII is that the court erred in failing to give a circumstantial-evidence instruction. No such instruction was requested. There was substantial direct evidence of defendant's guilt—his confession. This is not a case where the conviction is predicated on circumstantial evidence alone. No circumstantial-evidence instruction was required. *State v. Miller,* 359 Mo. 327, 221 S.W.2d 724 (1949); *State v. Hutsel,* 357 Mo. 386, 208 S.W.2d 227 (1948); *State v. Foster,* 355 Mo. 577, 197 S.W.2d 313 (1946); *State v. Neal,* 350 Mo. 1002, 169 S.W.2d 686 (1943); *State v. Zammar,* 286 S.W.2d 54 (Mo.App. 1956); *State v. Morris,* 307 S.W.2d 667 (Mo. 1957); *State v. Cox,* 352 S.W.2d 665 (Mo. 1961); *State v. Davis,* 491 S.W.2d 549 (Mo. 1973). The point is overruled.

As point VIII defendant contends the verdict is against the weight of the evidence. The court has reviewed the record. There is substantial evidence to support the verdict. The point is overruled.

The death penalty assessed in this case cannot be carried out. *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Duisen v. Missouri,* 408 U.S. 935, 92 S.Ct. 2855, 33 L.Ed.2d 749 (1972); *Terry v. Missouri,* 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972). The sentence is hereby reduced to life imprisonment. *State v. Cuckovich,* 485 S.W.2d 16, 28 (Mo. banc 1972).

It is further ordered that the clerk of this court forthwith forward a certified copy of this order and judgment to the warden of the Missouri state penitentiary and the Mis-

souri department of corrections, Jefferson City, Missouri.

As corrected, the judgment is affirmed.

All of the Judges concur.