STATE of Missouri, Respondent,

v.

Connie Lynn FLOWERS, Appellant.

No. 61438.

Supreme Court of Missouri,
En Banc.

Dec. 6, 1979.

J. Michael Mowrer, Kennett, for appellant.

John Ashcroft, Atty. Gen., Richard F. Engel, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant Connie Lynn Flowers was convicted of first degree murder and sentenced by the trial court to life imprisonment without parole for fifty years. This Court has exclusive appellate jurisdiction under Mo. Const. art. V, § 3 (as effective January 2, 1979).

The handcuffed body of James Bundy was found the morning of February 20, 1977, in a ditch beside a gravel road. He had been shot three times through the head. An investigation of the victim's house and grounds revealed that a violent struggle had occurred, and a trail of blood led from the house to the gravel road in front of the house.

On May 6, 1978, an affidavit or complaint was filed in the Magistrate Court of Dunklin County, Missouri. A warrant for arrest was issued by the magistrate, and a fugitive warrant was issued for the arrest of appellant in California.

Appellant was arrested in California on May 8, 1978, at her apartment. She was taken to the local police department and, after being advised of her *Miranda* rights, was questioned beginning about noon that same day. Her seven month old child, who was with her at the time of arrest, was turned over to juvenile authorities. The questioning sessions were recorded on cassette tapes.

In her first statement, appellant denied any knowledge of, or involvement in the killing. Another questioning session occurred after a break of forty minutes, when appellant expressed a desire to talk about the crime again. Appellant accused James Garrett, her common law husband, of the killing and admitted her presence at the scene.

After the appellant spent three or four days in jail in California, she was flown back to the Dunklin County jail. Appellant was again questioned in a two to three hour recorded session upon her arrival, after being advised of her rights. She admitted the crime and some details, after repeated questioning, and hesitation on her part.

Appellant filed a motion to suppress these statements. A hearing was held on the motion to suppress, and the court found that appellant's statements were voluntary.

During trial the objection to the admission of the statements was renewed, but was overruled. Some of the tapes were played for the jury. The jury found appellant guilty but was not able to affix punishment. The trial judge fixed punishment at imprisonment for a term of life, without parole for fifty years.

Appellant first claims error in the admission of all statements made by her because they were obtained as a result of an illegal arrest. Illegality is alleged due to the insufficiency of the affidavit or complaint underlying the warrant for arrest. Although the complaint may have been insufficient to satisfy the requirements of *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958) that enough facts be alleged "to enable the appropriate magistrate * * * to determine whether the 'probable cause' required to support a warrant exists", we do not reach this issue.

*Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) held that incriminating statements by a defendant while in custody as the direct result of an illegal arrest are inadmissible. However, *State v. Fair*, 467 S.W.2d 938, 943 (Mo. banc 1971) concludes:

"*Wong Sun* clearly indicates the view that a statement which is shown to have been freely and voluntarily made without coercion, either physical or psychological, may be thereby purged of any stigma of illegality and the statement is admissible [citations omitted]. Thus, in Missouri we do not exclude a confession merely because it followed an illegal arrest but retain the test of voluntariness under the totality of the circumstances as controlling in determining the admissibility of a confession which has been preceded by an illegal arrest."

■ This "totality of the circumstances" test is the same as that *generally* used to determine the voluntariness of a statement or confession. *Boulden v. Holman*, 394 U.S. 478, 480, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); *Frazier v. Cupp*, 394 U.S. 731, 739, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) requires that voluntariness be proved by a preponderance of the evidence, and Missouri has followed this

standard in *State v. Olds*, 569 S.W.2d 745, 751 (Mo. banc 1978).

The rule is clear that a confession that is not voluntary is inadmissible in evidence. However, the meaning of "voluntary" is elusive. Factors going to its determination are often listed, but the weight of each factor and combinations thereof which will cause a confession to be found invalid are primarily decided on a case-by-case basis. The United States Supreme Court, in *Brown v. Illinois*, 422 U.S. 590, 604, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975) said "The question whether a confession is the product of a free will under *Wong Sun* must be answered on the facts of each case. No single fact is dispositive." Since appellant categorically denies that any physical coercion or threats occurred in connection with her questioning, the issue narrows to whether some type of impermissible mental coercion was employed, or circumstances combined to make the confession involuntary. In determining whether or not a confession was obtained by mental coercion, "the age, experience and intelligence of the accused must be considered, along with all the other circumstances." *State v. Barnett*, 338 S.W.2d 853, 856 (Mo.1960). Other factors include sex, lack of education, infirmity, and unusual susceptibility to coercion.

Appellant is a female, twenty-one years of age at the time of questioning, with an eighth grade education. There was evidence that she had recently been seen by a doctor regarding a bladder and kidney infection and was taking medication at the time of questioning. Appellant was also three months pregnant at the time and was nauseous that morning and frequently. Although appellant had an opportunity to eat and sleep in jail the night of her arrival from California and before her questioning the next morning, appellant testified that she had not eaten or slept because she was too upset about her child being taken away and thus had not slept for several days at the time of the Dunklin County questionings.

Much expert testimony was adduced at trial to the effect that appellant is a dependent, submissive and highly suggestible individual of low average intelligence. One psychologist testified that appellant had a very low tolerance for stress, and that under pressure she is likely to choose whatever route would ease the pressure. Appellant sought to establish by this evidence the implication that the confession was fabricated under pressure from law enforcement officials.

There is no contention that the admissions were obtained by "interrogatories * * * persisted in to an unreasonable extent thereby producing mental anguish on the part of accused" or by leading "the accused to believe that [s]he is bound to make a statement to secure a surcease" therefrom. *State v. Thomas*, 250 Mo. 189, 211–12, 157 S.W. 330, 337 (1913). At one point during trial, however, when appellant was being questioned regarding her confirmation during the interrogation that her confession was true, the appellant said, "if I had said 'No', you would have re-started questioning me again, * * *."

*Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) recognizes that the Fifth Amendment prohibits extraction of confessions by "exertion of any improper influence." In the Dunklin County interrogations, appellant was told several times by law enforcement officers that they "knew the truth" from the statements of other witnesses and from the results of psychological stress tests but that they "just wanted to hear it from you." Likewise, appellant was told at one point, "We've got it from two other sources, and we'll know when you're lying to us and when you're not." Also, appellant was informed in California and in Missouri of the *details* of the crime according to the other participants and the authorities' theory of the contract murder several times before she indicated any knowledge of the incident. However, even confessions obtained by *falsely* leading an accused to believe an accomplice has made statements implicating him are admissible. *State v. Stubenrauch*, 503 S.W.2d 136 (Mo.App.1973). *A fortiori* the confessions under consideration here

would not be inadmissible where there is no contention that the inducements were false.

■ Appellant consistently denies in a general way that any promises were made. However, at several points, she said something like, "I had been told that I'd get 50 years without parole, and I wouldn't get to see my little girls any more, and if I'd tell them what they wanted to hear, what they thought was the truth, it would make it easier on me." The Fifth Amendment condemns admissions compelled by promises of leniency, *Hunter v. Swenson,* 372 F.Supp. 287, *aff'd,* 504 F.2d 1104 (8th Cir. 1974) *cert. denied,* 420 U.S. 980, 95 S.Ct. 1410, 43 L.Ed.2d 662 (1975), but the evidence on this point is equivocal, since two officers denied that any such statements were made and appellant does not contend that such promises *induced* her statements.

■ Indeed, perhaps the strongest factor against a finding of involuntariness is that appellant initiated the final questioning session in California which led to statements placing her at the scene of the crime. *State v. Johnson,* 488 S.W.2d 645, 649 (Mo. 1973) distinguishes confessions which are "the product of the exploitation of the illegal arrest" and a "defendant's own decision to speak out." We recognize that the question of whether a confession is the product of a free will under *Wong Sun* sufficient to purge the primary taint of the illegal arrest must be answered on the facts of each case. *State v. Johnson,* 530 S.W.2d 690, 693 (Mo. banc 1975). Under the record before us, we cannot say that the trial court erred in holding that the statements were voluntary. Where there is conflicting evidence on the voluntariness of a statement, admission of a confession by a trial court is a matter of discretion which is not lightly disturbed. *State v. Hopkirk,* 84 Mo. 278, 283, 284 (1884); *State v. Williams,* 566 S.W.2d 841, 844 (Mo.App.1978). We are not warranted, on the record in this case, in overturning the finding of the trial court.

■ *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) further requires that a finding of voluntariness be made and "appear from the record with unmistakable clarity." *Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967). Appellant argues that this standard has not been met. The trial judge's findings stated,

"The Court finds that, as to the exhibits received in evidence, that the admissions and statements made by the defendant were voluntarily made, without threats or promises, or coercion, and after the defendant had been fully advised of her constitutional rights as per the Miranda decision."

The findings in *State v. Thompson,* 465 S.W.2d 590, 592 (Mo.1971) were nearly identical and were found to satisfy *Denno* :

"The Court finds the statement made in question was voluntarily made by the defendant, and was not secured by coercion, threats or through fear and was not induced by promises of immunity. The Court further finds the statement in question is competent evidence and therefore overrules the defendant's objection and will so admit the statement into evidence." *Id.* at 592.

We consider *Thompson* dispositive and overrule this contention.

Appellant "has other points which we have considered and overruled but we do not, however, lengthen this opinion by setting them forth. * * * [They] do not involve novel questions or matters with respect to which an opinion would be of precedential value." *State v. Morrison,* 557 S.W.2d 445, 448 (Mo. banc 1977).

The judgment is affirmed.

All concur.