**Edward McLALLEN, Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 77–0804–CV–W–5.**

United States District Court,
W. D. Missouri, W. D.

Oct. 6, 1980.

See also D.C., 494 F.Supp. 138.

Ronald Hall, Federal Public Defender, Kansas City, Mo., for petitioner.

Michael Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

OPINION

SCOTT O. WRIGHT, District Judge.

Petitioner is presently serving a thirty–year sentence in the Missouri State Penitentiary as a result of convictions for burglary and stealing in a four–count indictment in the Circuit Court of Benton County, Missouri. The petitioner seeks this writ of habeas corpus, alleging that all the statements made by him to Robert N. Breshears, Sheriff of Benton County, Missouri, and Robert S. Drake, Jr., Prosecuting Attorney of Benton County, Missouri, were unconstitutionally induced. We hold that the statements made to the petitioner by the prosecuting attorney immediately before the petitioner made the admissions that were admitted into evidence rendered the admissions inadmissible and a violation of petitioner's privilege against self–incrimination.

■ The facts in this case are that the petitioner was arrested in the early morning hours of January 17, 1972, by the Sedalia, Missouri Police Department. In the afternoon of that same date, petitioner was questioned at the Sedalia Police Station by the Sheriff of Benton County, Robert Breshears, and the Prosecuting Attorney of Benton County, Robert Drake. A written statement was taken from the petitioner by the prosecuting attorney which he, the prosecuting attorney, wrote down in longhand, then typed for the petitioner's signature. The petitioner refused to sign the statement. The petitioner moved that the statement made by him to the sheriff and prosecuting attorney be suppressed because the statements were obtained from him as a result of and by the promise of leniency and that they were not voluntarily given. A suppression hearing was held and the only witness called was Sheriff Breshears, and his testimony as to comments made to the petitioner by the prosecuting attorney was as follows:

"Q. Mr. Drake was talking to this defendant taking the statement, typing it up. Didn't he constantly and repeatedly,

tell this defendant that it would be best for him to sign this statement to tell you and the prosecutor what happened on that particular night?

"A. I think so, yes.

"Q. In other words, when he was talking to him in your presence, the prosecutor said 'This is the best thing for you to do' and indicated to him that he would be better off if he did it than he would if he refused to do it, didn't he?

"A. That's correct.

"Q. Not once but several times, isn't that correct?

"A. I believe so.

"Q. Then it was signed, isn't that correct?

"A. His constitutional rights was signed, yes sir.

"Q. And then of course after that was done he gave the prosecutor his statement and the prosecutor typed it up, right?"

Although the prosecuting attorney was present at the suppression hearing, he did not testify or refute what the sheriff quoted him as having said to the petitioner prior to the petitioner making any statement. The state trial court sustained the objection as to the written statement of the petitioner because is was not signed but held that the sheriff could testify as to what the petitioner had told him and the prosecuting attorney.

At the hearing on the petitioner's writ of habeas corpus, the government and the petitioner stipulated that the testimony of Sheriff Breshears would be consistent with and would not be in addition to that which he had already given at the pretrial suppression hearing. The petitioner's testimony at the hearing for writ of habeas corpus was consistent with the testimony of Sheriff Breshears. The petitioner testified that the prosecutor told him that it would be better for the defendant if he made a statement than if he didn't make one and that it would be for the petitioner's own good or interest if he would make a confession. The petitioner further testified that statements made by the prosecutor to him

carried a lot of weight with him because the prosecuting attorney was the one who could either make it easy on him or make it hard on him. At the hearing on the writ of habeas corpus the prosecuting attorney testified and denied that he made any statement to the petitioner whatsoever, which could be interpreted as a promise of leniency, and further testified that he talked to Sheriff Breshears after the pretrial suppression hearing in the state trial court and told him that he was shocked at what he, the Sheriff, had testified to at the suppression hearing.

Since the testimony of the sheriff at the suppression hearing as to what the prosecutor told the petitioner was consistent with the testimony of the petitioner at the hearing on the writ of habeas corpus, this Court is constrained to believe this testimony. This evidence is further buttressed by the fact that the prosecuting attorney made no attempt at the suppression hearing to correct the testimony of the sheriff either by cross-examination of the sheriff or by taking the stand himself. Further, it leads this Court to believe that sheriff's and petitioner's account of what was said to petitioner by the prosecuting attorney before he made the statement is correct.

We, therefore, find that the comments made by the prosecuting attorney to the petitioner amounted to a promise of leniency and was an important consideration in petitioner's decision to make a statement to the prosecuting attorney and the sheriff. We must then examine whether under the existing case law admissions made by petitioner should have been suppressed.

The Supreme Court has ruled in *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, that the admissibility of a confession in a state criminal trial is held to the same standard as applicable in federal prosecutions.

The Supreme Court of the United States in *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568, held that a confession in order to be admissible must be free and voluntary and must not be extracted by any direct or implied promises, however

slight, nor by exertion of any improper influence.

 A confession can never be received in evidence where the prisoner has been influenced by any threat or promise. *Hunter v. Swenson*, 504 F.2d 1104 (8th Cir. 1974), *cert. denied* 420 U.S. 980, 95 S.Ct. 1410, 43 L.Ed.2d 662. A similar rule was applied to require exclusion of a confession based on a promise of leniency, *Grades v. Boles*, 398 F.2d 409 (4th Cir. 1968).

The perspective in which we must view the prosecutor's words must be viewed from the defendant's standpoint and not the prosecutor's, *Grades v. Boles, supra.* The petitioner testified that if the sheriff had made the same comments he would not have believed them, but when the prosecuting attorney made the statements he knew that the prosecutor had the power to reduce or dismiss charges or make it easy or hard on him, and that he gave those comments considerable weight.

We hold that under the doctrine laid down in *Bram v. United States, supra*, the prosecutor's statement to this defendant must be regarded as a direct or implied promise which induced the petitioner to give a confession which he would not have otherwise given and that it was unconstitutionally admitted against him in his state court trial.

It is hereby

ORDERED that the petition for Writ of Habeas Corpus is hereby granted but the effect of said Writ shall be stayed to enable the State of Missouri to retry the petitioner if it is so desired.