THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE MALLOY, a/k/a John Plate, Defendant-Appellant.
First District (2nd Division)   No. 80-276

Opinion filed March 2, 1982.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Jannice A. Kendall, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:
In a jury trial defendant, Eugene Malloy, was convicted of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1) and was sentenced to serve six years in the Illinois Department of Corrections. On appeal defendant contends that the incriminating statements used to convict him were derived from an illegal arrest. For the reasons which follow, we affirm defendant's conviction.

Defendant was charged and convicted of the burglary of a grocery store owned by Joseph Ibrahim and Zofia Lipkowski. The identification of defendant as the burglar rested entirely upon incriminating statements he gave to the police following his arrest on an unrelated charge of auto theft. Prior to trial defendant filed motions to suppress his statements on the grounds that they were obtained as a result of an illegal arrest, that they were involuntary and that they were secured in violation of *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. These motions were denied. Defendant has not appealed the trial court's determination that his statements were voluntary and were taken after proper *Miranda* warnings were given. The only issue before us, therefore, is whether defendant's statements were derived from an illegal arrest.

Defendant contends that he was illegally arrested because the police lacked probable cause and because he was arrested in his dwelling without a warrant in violation of *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. In the view we take of this case it is unnecessary to decide whether defendant's arrest for auto theft was unlawful because we find that there was no causal connection between that arrest and the statements defendant subsequently volunteered to the police incriminating himself in the burglary.

In *People v. Gabbard* (1979), 78 Ill. 2d 88, 398 N.E.2d 574, our supreme court summarized the principles which determine whether a statement given after an illegal arrest should be suppressed as the fruit of the poisonous tree:

"It is important to note that the Supreme Court has rejected a simple 'but for' test under which any statement by a defendant following his unlawful arrest must be suppressed on the ground that the statement would not have been made had he not been taken into custody. The evidence in the cases considered by the court showed a causal connection between the illegal arrest and the statement such that the statement could be said to have been obtained by exploitation of the illegality. (*Wong Sun v. United States* (1963), 371 U.S. 471, 487-88, 9 L. Ed. 2d 441, 455, 83 S. Ct. 407, 417; *Brown v. Illinois* (1975), 422 U.S. 590, 598-99, 604, 45 L. Ed. 2d 416, 424, 427, 95 S. Ct. 2254, 2259, 2262; *Dunaway v. New York* (1979), 442 U.S. 200, 217-18, 60 L. Ed. 2d 824, 839-40, 99 S. Ct. 2248, 2259.) The opinions mention as significant factors in ascertaining whether such causality exists the 'temporal proximity' of the arrest and the confession, the presence or absence of intervening circumstances, and the purpose of the official misconduct. *Brown v. Illinois* (1975), 422 U.S. 590, 603-04, 45 L. Ed. 2d 416, 427, 95 S. Ct. 2254, 2261-62." 78 Ill. 2d 88, 95-96.

Applying these principles to the facts in the case at bar, we find that

defendant's statements incriminating himself in the burglary were properly admitted.

The first factor mentioned in *Brown v. Illinois* (1975), 422 U.S. 590, 603, 45 L. Ed. 2d 416, 427, 95 S. Ct. 2254, 2261, is "the temporal proximity" of the arrest and the statement. Here, as in *Brown*, defendant gave his initial statement to the police regarding the burglary approximately two hours after his arrest. Temporal proximity, however, has been described as the "least determinative factor involved" in determining whether there is a causal connection between an arrest and a subsequent statement. (Comment, 13 Houston L. Rev. 753, 764 (1976); see also Justice Stevens' concurring opinion in *Dunaway v. New York* (1979), 442 U.S. 200, 220, 60 L. Ed. 2d 824, 841, 99 S. Ct. 2248, 2260-61.) More significant is the presence or absence of intervening circumstances "and, particularly, the purpose and flagrancy of the official misconduct * * *." *Brown v. Illinois* (1975), 422 U.S. 590, 603-04, 45 L. Ed. 2d 416, 427, 95 S. Ct. 2254, 2261-62.

The record discloses that defendant was arrested for auto theft at 3:30 p.m. on March 31, 1979. At that time the arresting officers had no knowledge of the burglary to which defendant later confessed. Officer Anthony Audeno and Sergeant Fred Bonke testified that after defendant admitted that he had committed the auto theft and showed them where he had stolen the vehicle, he said that "he had a few other places to take" the officers. "[H]e wanted to get everything off his chest." According to the officers, defendant stated that "he had this urge to steal things," that "[h]e would steal at will," that "he didn't understand why," and "thought that he needed some help." Defendant initiated this conversation. Defendant admitted that he had burglarized a food store on Lawrence Avenue. At Audeno's request, defendant directed the officers to the scene of the crime and explained how he had committed the offense. En route defendant provided the officers with details of many other thefts and burglaries he claimed to have committed. When they arrived at the grocery store at 1507 West Lawrence Avenue, defendant told the officers that on the preceding night (March 30, 1979), he had burglarized the store. Sergeant Bonke exited the vehicle, inspected the premises and was able to confirm for himself defendant's account of the burglary. Defendant repeated his confession to other officers after he was taken back to the district station.

Several courts have considered a volunteered statement, not made in response to police interrogation, as a significant intervening circumstance which renders the statement admissible under *Brown*. (See *Sanders v. State* (1976), 259 Ark. 329, 336, 532 S.W.2d 752, 755-56; *State v. Johnson* (Mo. 1975), 530 S.W.2d 690, 693-94; *State v. Jones* (Mo. App. 1977), 558 S.W.2d 233, 239.) And other courts have held that where a defendant volunteers an incriminating statement about a crime for which he was not

under arrest and of which the police had no knowledge before the defendant spoke up, that statement cannot be said to have been obtained through any purposeful or flagrant police misconduct. (See *People v. Hillyard* (1979), 197 Colo. 83, 589 P.2d 939; *Davis v. State* (1979), 42 Md. App. 546, 402 A. 2d 77.) On the basis of the record before us we find that there was no causal connection between defendant's arrest for auto theft (assuming that arrest was unlawful) and his subsequent volunteered admissions to an unrelated offense of which the police had no knowledge. Here, as in *People v. Gabbard* (1979), 78 Ill. 2d 88, 98-99, 398 N.E.2d 574, "the purpose of the exclusionary rule, *i.e.*, to deter improper police conduct [citation] would be served minimally, if at all, by exclusion of the defendant's statements." Accordingly, we hold that the trial court did not err in denying defendant's motion to suppress.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS, P. J., and HARTMAN, J., concur.