**STATE of Missouri, Respondent,**

v.

**John Bell BROWN, Appellant.**

No. 56692.

Supreme Court of Missouri, Division No. 2.

June 12, 1972.

**844**

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

John P. Montrey, Clayton, for appellant.

STOCKARD, Commissioner.

John Bell Brown, charged as an habitual criminal was found guilty by a jury of robbery in the first degree by means of a dangerous and deadly weapon, and the court, after finding that the accused had previously been convicted of seven felonies, assessed the punishment at imprisonment for a term of twenty-five years. He has appealed. We affirm.

From the evidence a jury reasonably could find that by use of a sawed-off shotgun, appellant robbed Mr. Jewell Brown (no relation to appellant), the night manager of a Clark's Service Station, of approximately $75. Appellant escaped from the scene by fleeing down an alley. Some time later, according to Jewell Brown, he saw appellant on Delmar Street in St. Louis only a few blocks from the scene of the robbery, but he could not locate a police officer and appellant was not apprehended. About five months after the robbery, Jewell Brown again saw appellant on Delmar Street. He stopped a police automobile, identified appellant as the person who robbed him, and caused his arrest and apprehension.

Appellant first contends that the court erred in overruling his motion for judgment of acquittal because "the State's case was based wholly upon the identification of defendant by * * * Jewell Brown; his testimony was without probative value."

In support of this contention appellant argues that the time between the robbery and apprehension was approximately five months, and that while Jewell Brown testified that appellant was alone at the time of the robbery, the police report indicated that he had reported to the police that two persons participated in the robbery.

Jewell Brown positively identified appellant at the trial as the robber, and there was an ample opportunity at the time of the robbery for him to have observed the person who robbed him. "The testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient to establish the identity of the defendant in a criminal prosecution since the credibility of the witness and the weight of the evidence is for the jury." State v. Williams, Mo., 376 S.W.2d 133, 136. Jewell Brown testified that another person had been in his service station earlier, but that person had left before appellant entered, and he denied telling the police that two persons participated in the robbery. The conflict between what was contained in the police report and the testimony of Jewell Brown was a matter to be considered by the jury in evaluating the testimony, but it did not destroy the State's case. The trial court correctly denied the motion for judgment of acquittal.

At the time of trial appellant's counsel orally requested a continuance of one week in order to take the deposition of Jewell Brown.

Jewell Brown was endorsed as a witness and his address was shown as 5582 Waterman Street in the City of St. Louis, and his place of employment as the Ontario Supermarket. Appellant's counsel sent an investigator to interview Jewell Brown, but at both his home address and his place of employment the investigator was told that he was not there. When Jewell Brown appeared at trial, counsel for appellant orally moved for a continuance for one week so that the deposition of Jewell Brown could be taken. The request was overruled on

the ground that due diligence was not demonstrated.

■ The granting of a continuance is a matter within the discretion of the court, State v. Boykins, Mo., 399 S.W.2d 70, but an appellate court may review the exercise of that discretion to determine whether there has been an abuse. State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719, 720. Jewell Brown testified that he lived at the address shown on the information, and that he was living there at the time here material. There was no attempt to obtain service on Jewell Brown of a subpoena for the purpose of a deposition, and the oral request for a continuance was not made until the day of trial. Under these circumstances this court cannot determine, as a matter of law, that the trial court abused its discretion in refusing the request for a continuance.

■ In appellant's third and last point he complains that he was denied a fair trial because of four comments by the assistant circuit attorney, which appellant contends expressed his personal belief in the guilt of appellant.

Counsel for appellant objected to three of the comments and in each case the objection was sustained. No other relief was requested. No objection was made to the fourth comment. Under these circumstances the trial court cannot be convicted of error for not granting more relief than that requested. Appellant does not contend that the trial court should have acted without a request, and we do not consider the circumstances to have required such action.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and BILLINGS, Special Judge, concur.