STATE of Missouri, Plaintiff-Respondent,

v.

Samuel BLOCKTON,
Defendant-Appellant.

No. 36295.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 5, 1975.

Charles D. Kitchin, Public Defender, Cornelius T. Lane, Jr., Thomas J. Prebil, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Scott A. Raisher, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., David P. McDonald, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

The defendant was originally indicted on three counts of murder in first degree and one count of assault with intent to kill. He was found guilty by a jury of three counts of manslaughter. Defendant was granted a new trial and subsequently charged with three counts of manslaughter and one prior felony in connection with the shooting deaths of Marvin Gray, Donald Parish, and James Story. The case was tried in May, 1974. Defendant was found guilty of three counts of manslaughter. A prior felony conviction for murder in the second degree was proved and sentence was set by the court under the Second Offender Act, § 556.280 (RSMo 1969), at ten years imprisonment on each count of manslaughter to run consecutively for a total of thirty years. Defendant appeals.

Since defendant does not challenge the sufficiency of the evidence supporting his conviction, the evidence at the trial may be stated briefly. The shooting occurred on August 31, 1972 at the Bi-State Transit garage during an argument between defendant and the decedents, all of whom were employees of Bi-State. Several eye-witnesses testified that defendant shot Gray, Parish, and Story. There was testimony that defendant walked over and shot Parish twice in the head after Parish had fallen from the first shot. The defendant does not deny that he shot the decedents. The defendant testified that the victims of the shooting started the altercation by

striking him, and he suggested that the decedents were angry at defendant because he had filed complaints against Bi-State charging racial discrimination in employment practices. After the shootings, the defendant spent a few days in East St. Louis, Illinois and several months in Michigan and Texas. He returned to St. Louis and was arrested in March, 1973.

Defendant raises three contentions on this appeal. Defendant first contends that the trial court committed prejudicial error it not declaring a mistrial following comments of the prosecutor made during his examination of a witness. During the direct examination of Arthur Mann, the prosecutor asked the witness whether Mr. Story (one of the victims) had made a comment to the witness. The questioning is as follows:

"A. Story, he came out past me.

"Q. He walked past you, right?

"A. Yeah.

"Q. Did he make any comment to you?

"A. He told me—

MR. LANE: Let me object.

THE COURT: Sustained.

MR. McDONALD: Judge, he was one of the men shot. It would have a bearing on the case as to what was—

MR. LANE: Let me object. Swear him in.

MR. McDONALD: I wish I could; if I could testify, we wouldn't be trying this case.

THE COURT: I'll sustain the objection.

(The following proceedings were had at the bench outside the hearing of the jury):

THE COURT: We're not going to tolerate this and we're not going to have it.

MR. LANE: Your honor, I'd like to object at this time to the statement made by the prosecutor regarding he wishes he could take the stand and testify because we wouldn't be here.

THE COURT: I'll sustain the objection.

(Proceedings were then resumed within the hearing of the jury as follows):

THE COURT: Jury instructed to disregard that last statement."

■ We do not believe the trial court committed prejudicial error in not declaring a mistrial. First, the defendant did not ask for a mistrial during the trial, and the trial court need not grant more relief than that requested. *State v. Brown*, 480 S.W.2d 843, 845 (Mo.1972); *State v. Johnson*, 485 S.W.2d 106, 111 (Mo.1972). Second, the prosecutor's comments were retaliatory in nature and were invited by the defense attorney's comment to "Swear him [prosecutor] in" and testify. Third, the prosecutor's comments were not such as to mandate a mistrial on the court's own motion.

■ It is improper for a prosecuting attorney to intimate to a jury that he knows facts which are not in evidence which point to defendant's guilt. Failure to sustain objections to such arguments by the prosecuting attorney is prejudicial error. *State v. Lenzner*, 338 Mo. 903, 92 S.W.2d 895, 896 (1936); *State v. Montgomery*, 363 Mo. 459, 251 S.W.2d 654, 658 (1952). However, improper comments made by the prosecutor do not inexorably result in a new trial. Cases which might support appellant in his argument involved instances in which the trial court reinforced the prosecutor's comments by overruling objections to the prosecuting attorney's remarks or by failing to take corrective measures. *State v. Montgomery, supra* ; *State v. Lenzner, supra*, at 896–897; *State v. Mathis*, 323 Mo. 37, 18 S.W.2d 8, 10 (1929); *State v. Dixon*, 253 S.W. 746, 748 (Mo.1923). Failure to declare a mistrial after such prejudicial remarks by

the prosecution has been upheld when the trial judge sustained the objection and gave an admonishing instruction. *State v. Heather*, 498 S.W.2d 300, 303 (Mo.App. 1973); *State v. Raspberry*, 452 S.W.2d 169, 173 (Mo.1970); *State v. Kimmins*, 514 S.W.2d 381, 382 (Mo.App.1974); *State v. Robinson*, 516 S.W.2d 40, 44 (Mo.App.1974); *State v. Stroud*, 362 Mo. 124, 240 S.W.2d 111, 113 (1951); *State v. Miller*, 359 Mo. 327, 221 S.W.2d 724, 727 (1949).

The declaration of a mistrial is a drastic remedy, utilized only when the prejudicial effect of the error can be removed in no other way. For this reason, the trial judge is given broad discretion as to whether mistrial should be declared. The trial judge observed the incident and has the better position to observe the magnitude and effect of the error and to gauge the measures necessary to cure it. The appellate court's function is to determine whether, as a matter of law, the trial court abused its discretion to the prejudice of the appellant in refusing to grant a mistrial. *State v. Heather, supra*; *State v. Raspberry, supra*; *State v. Smith*, 431 S.W.2d 74 (Mo.1968). It is not an abuse of discretion to deny a request for a mistrial subsequent to improper remarks by the prosecution to which objections were sustained and admonishing instructions given. *State v. Heather, supra*; *State v. Kimmins, supra*; *State v. Robinson, supra*.

Since the error is not so prejudicial and impressive to require a mistrial upon request, this court is loath to hold that failure to declare a mistrial upon the court's own motion is an abuse of discretion. Here, the appellant did not request a mistrial during the trial. Our Supreme Court has affirmed a conviction when an objection was sustained to comments by the prosecutor and no further relief was requested. *State v. Brown, supra*, at 845.

Appellant argues that the trial court's failure to declare a mistrial is consti-

tutional error. We have considered *Chapman v. California*, 386 U.S. 18, 24–25, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and do not believe that these cases require the declaration of a mistrial under the circumstances. As said, the trial judge unequivocally sustained the defendant's objection and instructed the jury to disregard the prosecutor's remarks. We feel this was sufficient to cure the error. Considering the entire record before us, we do not believe the trial court abused its discretion by failing to declare a mistrial on its own motion.

The appellant's second argument asserts that the jury Instructions Numbers 5, 7, and 9 were erroneous. These instructions submitted the issue of manslaughter to the jury for each of the three deaths charged against the defendant. Appellant argues that such instructions "failed to instruct the jury as to defendant's intent, an element of manslaughter" and that the structure of the instructions "placed the burden upon the defendant to prove his defense." Instructions 5, 7, and 9 were identical except as to the count, the name of the victim, and the cross-reference to the justifiable homicide instruction submitted with each of the three instructions for manslaughter. The format of Instructions 5, 7 and 9 was as follows:

"As to Count ____, if you find and believe from the evidence beyond a reasonable doubt that on August 31, 1972 in the City of St. Louis, State of Missouri, the defendant caused the death of _____ by shooting him and that the death was not a justifiable homicide as submitted in Instruction No. ____, then you will find the defendant guilty under Count ____ of manslaughter.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty under Count ____ of that offense."

Such instructions conform to MAI–CR No. 6.08, the "voluntary manslaughter" in-

struction. MAI–CR No. 6.08, Notes on Use (4). In the MAI–CR Comments[1] it is declared that manslaughter is a residual homicide. The killing would be murder in the first or second degree were it not mitigated to manslaughter and is a killing without just cause or excuse. There are three types of manslaughter: voluntary manslaughter, which involves an intent to kill; involuntary manslaughter, which involves the intent to do an unlawful, non-felonious act; and manslaughter by culpable negligence. Scurlock, *Manslaughter* in *The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions* (1974).

 We believe that MAI–CR combines the instructions for voluntary and involuntary manslaughter in one instruction, MAI–CR No. 6.08. While a separate instruction is provided for manslaughter by culpable negligence, MAI–CR No. 6.10, no separate instruction is provided for involuntary manslaughter. In addition, no distinction is drawn between voluntary and involuntary manslaughter in the statutory definition contained in Section 559.070 (RSMo. 1969). Thus, MAI–CR No. 6.08 is the applicable instruction for both voluntary and involuntary manslaughter.

 Rule 20.02(c) provides that whenever an MAI–CR instruction is applicable under the law to the facts, the MAI–CR instruction shall be given to the exclusion of any other on the same subject. Since MAI–CR No. 6.08 is the applicable instruction for manslaughter other than by culpable negligence, it is not error to give such instruction. Even before the MAI–CR instructions became mandatory, it had been held that MAI–CR instructions would not be declared erroneous on appeal. "It is not open to us to declare erroneous the use of that form [of instruction] which now has been adopted for standard use by the Supreme Court." *State v. Yeokum*, 516 S.W.2d 535,

537 (Mo.App.1974). Here, the trial court properly gave MAI–CR No. 6.08 which is mandated.

Likewise, MAI–CR No. 6.08 sufficiently instructs the jury upon all questions of law necessary for the verdict, and also complied with the statutory definition of manslaughter. Manslaughter is defined as "every killing of a human being by the act, procurement or culpable negligence of another, not herein declared to be murder or excusable or justifiable homicide." § 559.070 (RSMo. 1969). MAI–CR need not mention intent because manslaughter is a residual homicide. If a defendant kills a human being and the offense is not murder and not excusable or justifiable homicide, it is manslaughter. Scurlock, *Manslaughter*, in *The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions* (1974).

 We also reject the contention that the negative construction of the manslaughter instructions or the order in which the manslaughter and justifiable homicide instructions were given placed the burden on the defendant to prove his defenses. It is true that the defendant has no burden to prove self-defense. Cases cited by appellant hold only that jury instructions which expressly state that the defendant has the burden of proof on the issue of self-defense are erroneous. *State v. Malone*, 327 Mo. 1217, 39 S.W.2d 786 (1931); *State v. Minnis*, 486 S.W.2d 280, 284 (Mo.1972). All instructions are to be considered together. If the trial court has given the presumption of innocence and burden of proof instruction, as was done here in Instruction Number 4, the order in which instructions are given does not shift the burden of proving self-defense to the defendant. *State v. Robinson*, 516 S.W.2d 40, 43–44 (Mo.App.1974). The negative structure of a self-defense instruction has been held not to shift the burden of

---

1. Scurlock, *Manslaughter* in *The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions* (1974).

proof in *State v. Holt,* 434 S.W.2d 576, 579–580 (Mo.1968). In that case, the court upheld the structure of the instruction which posited that if the defendant killed the victim, but it was self-defense, then the defendant was not guilty. This is the same negative structure of which the appellant now complains.

Appellant's final argument maintains that the trial court erred in submitting Instruction Number 12 which permitted the jury to consider defendant's flight to determine whether defendant was guilty of crimes charged. Appellant's brief avers that such an instruction is not expressly authorized by MAI–CR and is therefore erroneous.

Appellant has not preserved this point for review. Although appellant challenged this instruction in his motion for a new trial, the grounds then asserted were that such an instruction was a comment on the evidence and lacked evidentiary support. On appeal, appellant abandoned these grounds and asserts that the instruction is reversible error because no flight instruction is contained in MAI–CR. An allegation of error is not preserved if the appellant urges only new grounds on appeal. *State v. Davis,* 482 S.W.2d 486, 489 (Mo.1972); *State v. Cromwell,* 509 S.W.2d 144, 147–148 (Mo.App.1974). The appellant cannot broaden the scope of his objection on appeal from the precise objection made at the trial. *State v. Larkins,* 518 S.W.2d 131, 134 (Mo.App.1974). When objections to instructions are not preserved the appellate court will not consider the instructions as plain error unless the court below so misdirected or failed to instruct the jury on the law as to cause manifest injustice. *State v. Grebe,* 512 S.W.2d 409, 410 (Mo.App.1974).

MAI–CR Number 5.40, which prohibits the submission of a flight instruction, has been adopted and became effective on March 1, 1975. However, defendant's trial was held in May, 1974 and is therefore controlled by *State v. Fleming,* 523 S.W.2d 849 (Mo.App.1975). *State v. Fleming* notes the long-standing rule prior to adoption of MAI–CR No. 5.40 that a flight instruction was permissible if the evidence supported it. After an analysis of MAI–CR No. 5.40, *Fleming* holds that MAI–CR No. 5.40 bars the use of a flight instruction only in cases tried after March 1, 1975. In trials prior to March, 1975, such as appellant's, a flight instruction is proper when warranted. Clearly, the evidence, unchallenged by defendant, warranted the flight instruction in this case.

We find that the trial court did not err on any of the grounds presented by this appeal. The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.