**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ricardo GRAHAM, Defendant-Appellant.**

**No. 36325.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 9, 1975.

James C. Jones, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant Ricardo Graham from a conviction of murder second degree. We affirm.

At about 10:00 P.M., on the night of September 12, 1973, Thomas Lee Henderson (the deceased), Reginald Henderson, Marquita Jones and Vernesta Wilson were walking together on DeGiverville Avenue, near the corner of DeGiverville and Hamilton Avenues. Terrence Thomas was approaching them on foot on the other side of the street. A blue 1962 or 1963 Nova car with a large number 292 on the doors pulled up beside them. There were five (5) men in the car: the defendant, Michael Hudson, Gregory Hudson, Charles Steven Cooper (the driver), and David Martin. The defendant, Michael Hudson, and Gregory Hudson got out of the car. The defendant and Gregory Hudson had shotguns; Michael Hudson had a pistol. Gregory said something like, " 'Which one of you all is messing with my rap (friend)?' " Reginald Henderson answered first and denied knowing his friend. Gregory said that he did and hit him on the head with the shotgun, knocking him to the ground. Gregory then told Tommy Henderson to start running, which he did. As Tommy was running away from them Gregory ordered defendant to shoot him. Defendant did so, and the three men got in the car and drove off. Tommy Henderson died at the hospital at 11:15 P.M.

" 'RICARDO GRAHAM and GREGORY HUDSON, ACTING WITH OTHERS,' " were charged with murder in the second degree. By photo, at lineup, and at trial, Reginald Henderson, Marquita Jones, Vernesta Wilson and Terrence Thomas all positively identified defendant as the man who had shot Tommy Henderson. Defendant and Charles Steven Cooper testified that defendant was in the back seat of the car and that Michael Hudson did the shooting. David Martin and Michael Hudson invoked the Fifth Amendment privilege against self-incrimination on the record and before the jury. The case was submitted to the jury on an instruction authorizing a conviction of murder in the second degree. The jury returned a verdict of guilty. The trial court assessed punishment at thirty-five (35) years imprisonment.

Defendant makes two contentions on appeal. First, he argues that the trial court erred in permitting David Martin and Michael Hudson to invoke the Fifth Amendment privilege against self-incrimination because there was no adequate basis for excluding their testimony and the effect was to deprive the defendant of his Sixth Amendment right to call witnesses on his behalf. Second, he argues that it was error for the court to give Instruction No. 4 (MAI–CR 6.01) because it did not require the jury to find that the alleged killing was with premeditation and malice aforethought. These contentions are without merit.

■ The Fifth Amendment privilege has its basis in the fear of self-incrimination.[1] It is true that, in claiming the privilege, both David Martin, age 15, and Michael Hudson, age 16, denied any fear of self-incrimination. However, the privilege has been liberally construed. Only when the court can say as a matter of law that it is impossible that the witness would incriminate himself by answering a question, can the court require an answer. *Ex parte Gauss*, 223 Mo. 277, 122 S.W. 741, 742 (Mo. 1909) and *State ex rel. Howard v. Allison*, 431 S.W.2d 233, 236–37 (Mo.App.1968). Any testimony by Martin and Hudson, even admitting their presence at the scene of the crime, could have constituted a link in a chain of evidence that might lead to a subsequent conviction. Also, the trial judge, in appraising the claim, ". . . must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence. . . ." *Ex parte Irvine*, 74 F. 954, 960 (C.C.S.D.

---

1. McCormick, Evidence § 121 (2d Ed.1972).

Ohio 1896). Here, the circumstances indicated that Martin and Hudson should be permitted to invoke the Fifth Amendment. The Judge had been advised by their attorney that there was sufficient basis for their invoking the privilege. Their denials of fear of self-incrimination were very likely due to their youth and their lack of understanding of the privilege. Therefore, since both witnesses positively indicated their desire to invoke the Fifth Amendment privilege; since the trial court had a rational basis for permitting them to invoke the privilege; and since the trial court could not say as a matter of law that their testimony would not have incriminated them, the trial court did not err in permitting David Martin and Michael Hudson to refuse to testify in defendant's behalf. Finally, we note that because a timely objection was not made at trial, this issue was not properly preserved for appellate review and need not have been considered by this court. *State v. Stock*, 463 S.W.2d 889 (Mo.1971) and *State v. Tyler*, 454 S.W.2d 564 (Mo. 1970).

■ In complaining about Instruction No. 4, defendant is asking us to ignore *State v. Jackson*, 496 S.W.2d 1, 2 (Mo.Banc 1973), in which the Supreme Court specifically approved the form of MAI–CR 6.06. See also *State v. Booker*, 503 S.W.2d 76, 79 (Mo.App.1973). This we are unwilling and unable to do. The trial court did not err in submitting to the jury Instruction No. 4, the verdict-directing instruction on second degree murder, which followed the form authorized in MAI–CR 6.06.

The rulings of the trial court were correct and the judgment is accordingly affirmed.

SIMEONE, P. J., and GUNN, J., concur.