**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roland Ross STOER, Defendant-Appellant.**

**No. 37702.**

Missouri Court of Appeals, St. Louis District.

June 14, 1977.

William J. Shaw, Clayton, William B. Haller, St. Louis, for defendant-appellant.

Donald A. Purdy, Jr., Asst. Atty. Gen., John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction of two murders in the second degree and the resulting 30 year sentences to be served concurrently. Defendant limits his attack to the instructions.

The evidence indicated and the defendant admitted on the stand that he killed his mother and stepfather with a baseball bat during the course of an argument. There was no evidence to support either justifiable or excusable homicide.

The verdict-directing instructions, six in number, were all MAI-CR. Two instructions (one for each victim) were given for first degree murder, for second degree murder, and for manslaughter.

■ Defendant's attack is upon each set of instructions as failing to properly instruct the jury on each of the three grades of homicide. We need not consider defendant's attack on the first degree murder instruction since he was convicted of second degree murder and may not in that posture attack the instruction on the higher degree crime. *State v. Aubuchon,* 394 S.W.2d 327 (Mo.1965) [11]; *State v. Adams,* 497 S.W.2d 147 (Mo.1973) [6]. Further, the Supreme Court has expressly approved MAI-CR 6.02, the first degree murder instruction, in *State v. Marston,* 479 S.W.2d 481 (Mo.1972).

■ The Supreme Court has also approved MAI-CR 6.06, the second degree murder instruction, against the same attack leveled here—that it fails to require a find-

ing by the jury of premeditation and malice. *State v. Jackson*, 496 S.W.2d 1 (Mo. banc 1973) [1]; *State v. Graham*, 527 S.W.2d 722 (Mo.App.1975) [4].

█ Defendant's attack on MAI-CR 6.08, the manslaughter instruction, is that it failed to require a finding that the killing was intentional. MAI-CR 6.08 has been upheld against this attack by this Court in *State v. Blockton*, 526 S.W.2d 915 (Mo.App. 1975) [8, 9]. Additionally, the second degree murder instruction, upon which the jury convicted defendant, clearly required a finding the killings were intentional. This fact question was decided by the jury against defendant and there could be no prejudice to defendant if his attack on 6.08 were meritorious.

Judgment Affirmed.

McMILLIAN, P. J., and STEWART, J., concur.