STATE of Missouri, Respondent,

v.

Joe S. HEGWOOD, Appellant.

No. 37854.

Missouri Court of Appeals, St. Louis District, Division Two.

Oct. 25, 1977.

Motion for Rehearing and/or Transfer Denied Nov. 14, 1977.

Application to Transfer Denied Dec. 19, 1977.

Melvin G. Franke, Gary L. Gardner, Union, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Walter O. Theiss, Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for respondent.

STEWART, Judge.

A jury convicted defendant, Joe S. Hegwood, of murder in the second degree and assessed his punishment at 99 years imprisonment. Defendant appeals from the judgment entered on the verdict.

In stating the facts we view the evidence in the light most favorable to the verdict. *State v. Stancliff,* 467 S.W.2d 26, 27 (Mo.1971). The jury could reasonably have found the facts to be as follows: Defendant met Phyllis Spurlin at Kings Bar in Bonne Terre, Missouri, in early August of 1974. He spent the next two or three days and nights with her. On August 9, they drove to Sullivan, Missouri, where they visited Phyllis Spurlin's cousin, Delphia Bacon. They arrived in Sullivan a little after 8:00 p. m. Defendant and Phyllis Spurlin left Delphia Bacon's house at about 8:45 p. m. The body of Phyllis Spurlin was discovered at about 11:00 p. m., about 35 feet off of

Highway 66 Business Route, on a road leading to the C. & S. Packing Co. This location is approximately 1 mile east of Sullivan, Missouri and across town from the house where they visited Miss Bacon.

Mrs. Spurlin had a bullet wound to the rear of her right ear and three bullet wounds in her back below the seventh cervical vertebra. The bullet wound to the head would be an immediate cause of death. The multiple gun shot wounds of the back could also have caused death. The bullets had been fired from a gun found in defendant's apartment in Jefferson City when he was arrested there on the 10th of August, 1974.

Persons in the vicinity where the body was found, heard what sounded like fire crackers or gun shots at about 9:00 p. m. on August 9. A car was observed driving away from the area at the same time. The jury could reasonably find that defendant had shot and killed Phyllis Spurlin.

Part A of defendant's first point relied on reads:

"The court errored [sic] in failing to give any instruction relating to the legal effect of alcohol, be it with regard to guilt or innocence of intent, and particularly so after having given instruction number 6 containing the optional clauses that relate to intoxication or drugged condition."

This point fails to tell us wherein and why the court erred in failing to give an instruction relating to the legal effect of alcohol. Rule 84.04(d). *State v. Johnson*, 537 S.W.2d 816, 819[9, 10] (Mo.App.1976). We have searched the argument and find no further reference to Instruction 6 and its connection with the point sought to be raised. We have checked the transcript and find that Instruction 6 covers the question of the voluntary character of defendant's statements which were made to law enforcement officers and relates to defendant's understanding of what he was saying and doing at the time the statements were made, it has no reference to defendant's abilities at the time of the commission of the crime.

Part B of the defendant's first point relied on charges that the court erred in refusing to give his requested Instructions D2, D3, D4, D5 and D8.

Instructions D2 and D4 are instructions on murder in the second degree. Instructions D3, D5 and D8 are on manslaughter.

The issue raised revolves around a clause common to each of the refused instructions. We set out D2 in full and underline that portion of the instruction at issue:

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 9, 1974 in the County of Franklin, State of Missouri, the defendant caused the death of Phyliss Dixon Spurlin, by shooting her and, Second, that the defendant intended to take the life of Phyliss Dixon Spurlin, and Third, that the defendant did not do so in agitation suddenly provoked by the unexpected acts or conduct of Phyliss Dixon Spurlin, and Fourth, that the death of Phyliss Dixon Spurlin was not an excusable homicide as submitted in instruction No. _____,

then you will find the defendant guilty of murder in the second degree <u>unless you find and believe from the greater weight of the evidence that the defendant is not guilty because he was under the influence of alcohol or drugs to such a degree that his judgment was impaired and rendered him incapable of conforming his behavior to the requirements of the law.</u>

If you do find the defendant guilty of murder in the second degree, you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you but not less than ten years nor more than life imprisonment.
MAI–CR 6.06 as modified"

The evidence in the case concerning the issue sought to be raised came from the State's witness, Sheriff Schroeder, who testified that defendant had told him that he had gone to Sullivan, Missouri, with Phyllis Spurlin to visit a relative of hers. They arrived about 7:00 or 7:30 and stayed for an

hour or so. Defendant was asked if he had killed Phyllis and replied, "I don't know if I did or not if I did I can't imagine why I would have done it." Defendant told the sheriff that he was pretty drunk and that he didn't remember very much; that he had been on a two week drunk; that he had been in a drunken stupor.

■ Under Rule 20.02(a) the court must instruct on every defense warranted by the evidence, even though not requested. *State v. Thornton*, 557 S.W.2d 1 (Mo. Court of Appeals, St. Louis Dist., filed August 16, 1977); *State v. Chaney*, 349 S.W.2d 238, 241 (Mo.1961). The question which we are ultimately asked to determine is whether defendant's contention that he was intoxicated to the extent that he could not remember what he was doing would constitute a defense to the crime charged. Defendant's counsel has done extensive research in this field and asks that we rule that intoxication is a defense at least on the issue of specific intent.

■ The rule in Missouri is that "voluntary intoxication is not a defense to a criminal charge and . . . the rule does not even allow a jury to consider such intoxication on the issue of specific intent." *State v. Richardson*, 495 S.W.2d 435, 440 (Mo. banc 1973); *State v. Shipman*, 354 Mo. 265, 189 S.W.2d 273, 275[1] (Mo.1945). See also, *State v. Hindman*, 543 S.W.2d 278 (Mo.App.1976). We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri, Mo. Const. Art. 5, § 2. *State v. Wood*, 531 S.W.2d 543, 546[1] (Mo.App.1975). We must follow the rule in *Richardson*. The court did not err in failing to instruct on this issue.

■ Defendant also contends that the evidence was insufficient to support a circumstantial evidence case because there was a reasonable theory of innocence; that the defendant did not have the specific intent required for a conviction of murder in the second degree or of manslaughter as submitted, because of defendant's intoxication. Defendant concedes that absent the issue of

intoxication there was sufficient evidence to warrant giving the instruction on murder in the second degree (Instruction No. 7). As with defendant's first issue, this issue is answered by *Richardson*, supra. Intoxication may not be considered on the issue of specific intent.

Defendant's next point asks us to determine that the rule in *Richardson* is unconstitutional as a violation of the due process clause "of the Sixth and Fourteenth amendments to the Constitution of the United States and of Article I, sections ten and eighteen of the Missouri Constitution . . ."

■ If this issue were properly preserved for review we would be required to transfer the case to the Missouri Supreme Court because this court has no jurisdiction where the issue is the construction of the constitution. Mo.Const. Art. V, Section 3; *City of St. Louis v. Tinker*, 542 S.W.2d 512, 513[1] (Mo. banc 1976); *State v. Euge*, 359 S.W.2d 369, 370[3] (Mo.App.1962).

■ We need not transfer this case because this issue was not raised at the earliest opportunity in the case nor did defendant attempt to preserve such an issue in his motion for new trial. *State v. Holley*, 488 S.W.2d 925 (Mo.App.1972); *State v. Flynn*, 519 S.W.2d 10, 12–13 (Mo.1975). Because this issue has not been preserved for review, we can neither consider the issue nor transfer this case to the Supreme Court for lack of jurisdiction. *State v. Euge*, supra.

We read defendant's next point as contending that the court erred in failing to give an instruction on manslaughter by reason of culpable negligence because defendant was intoxicated. Defendant concedes that this point would "rise or fall" with his first contention. What we have said on that issue disposes of this contention and requires no further discussion.

Defendant's next point reads:

"The court committed plain error in giving instruction number 8 because that instruction from MAI–CR 6.08 by not requiring the State to prove the specific intent to kill, unconstitutionally relieved

the State of its burden of proving each and every element of the crime beyond a reasonable doubt. That is because from the circumstances of this case, if there was manslaughter, it was either voluntary manslaughter or culpable negligence manslaughter but not [in]voluntary manslaughter."

██ Once again defendant seeks to raise a constitutional issue which was not presented to the trial court. Nor did he specify the sections of the Constitution or Constitutions which he claims the instruction violates. The issue is not properly presented for our review. *State v. Flynn*, 519 S.W.2d 10, 12[3] (Mo.1975).

The instruction questioned is MAI–CR 6.08. This instruction withstood an attack on the ground that it did not require a finding of the specific intent to kill in *State v. Blockton*, 526 S.W.2d 915 (Mo.App.1975). See also, *State v. Stoer*, 553 S.W.2d 484, 485[3] (Mo.App.1977). It requires no further discussion here.

██ As we interpret defendant's next contention he claims that the giving of instruction 7 (MAI–CR 6.06 Murder: Second Degree)[1] and 8 (MAI–CR 6.08 Manslaughter: other than by culpable negligence)[2] was erroneous because the submissions, when considered together, resulted in instructing down from murder in the second degree to manslaughter, placing on defendant the burden of reducing the charge from murder in the second degree to manslaughter.

The instructions given were required to be given in this case under Rule 20.02(c). Instruction No. 7 conforms to MAI–CR 6.06. Instruction No. 8 conforms to MAI–CR 6.08. Notes on Use (b) under MAI–CR 6.06 requires that MAI–CR 6.08 be given in all cases where submission of 6.06 is warranted. We may not hold that the trial court erred under these circumstances. *State v. Blockton*, supra.

By giving Instructions 7 and 8, the trial court did not place any burden upon defendant. The state was required to prove each and every element of the crimes charged before defendant could be found guilty on either charge. No where in the instructions was the jury charged that defendant had any burden whatever. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), has nothing in common with the case before us. We rule this issue against defendant.

██ Donald Brocksmith, director of the police laboratory testified on behalf of the State. His testimony was confined to his examination of defendant's gun and the bullets recovered from the body of the victim. On cross-examination the witness testified that he had sent swab tests of the victim to the Environmental Trace Substance Research Center in Columbia, Missouri and that he had received a letter from a Dr. Morris with respect to the results of that examination made by the Research Center. When defendant attempted to

1. "If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 9th day of August, 1974, in the County of Franklin, State of Missouri, the defendant caused the death of Phyllis Dixon Spurlin by shooting her, and

Second, that the defendant intended to take the life of Phyllis Dixon Spurlin, and

Third, that the defendant did not do so in anger, fear or agitation suddenly provoked by the unexpected acts or conduct of Phyllis Dixon Spurlin,

then you will find the defendant guilty of murder in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty of that offense."

2. "If you do not find the defendant guilty of murder in the second degree, then you must consider whether or not under the evidence in this case he is guilty of manslaughter.

If you find and believe from the evidence beyond a reasonable doubt that on or about the 9th day of August, 1974 in the County of Franklin, State of Missouri, the defendant caused the death of Phyllis Dixon Spurlin by shooting her, then you will find the defendant guilty of manslaughter.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, then you must find the defendant not guilty of that offense."

have the witness testify as to the contents of the letter the court sustained the State's objection on the ground that it was hearsay.

Defendant contends that this ruling was erroneous because "the answer to the question was an exception to the hearsay rule and within the proper scope of cross-examination." Defendant concedes the contents of the letter were hearsay, however, he failed to inform the court of the exception to the hearsay rule that he contends is applicable.

We agree with defendant that under § 491.070 he was entitled to cross-examine the witness on the entire case. The statute does not, as defendant argues, abolish the hearsay rule on cross-examination. No effort was made to bring this letter within the Uniform Business Records as Evidence Act 490.660–490.690. The letter was clearly hearsay and defendant has not brought it within any exception to that rule. *Pietrowski v. Mykins*, 498 S.W.2d 572 (Mo.App. 1973).

Finding no error the judgment of the trial court is affirmed.

McMILLIAN, P. J., and REINHARD, J., concur.