In granting defendant Rogers' Rule 27.26 motion the trial court relied on *State v. Handley*, 585 S.W.2d 458 (Mo. banc 1979). Thereafter, *Handley* was overruled by *Wilkerson*. The judgment herein setting aside defendant's conviction for second-degree murder must be and is reversed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

Bert Gates, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

**Anthony ROGERS, Plaintiff-Respondent,**

**v.**

**STATE of Missouri,**
**Defendant-Appellant.**

**No. 44206.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

David M. Johnson, Clayton, for plaintiff-respondent.

SNYDER, Judge.

The state appeals from the trial court's judgment granting movant's Rule 27.26 motion to vacate his conviction for second degree murder. The judgment is reversed.

In 1977, movant, Anthony Rogers, was charged with first degree murder (felony murder). §§ 559.007 and 559.009, RSMo

Supp. 1975.[1] At the trial the court instructed on, and the jury convicted movant of, second degree murder. § 559.020, RSMo 1969.[2] Movant was sentenced to 20 years in prison. The trial court granted movant's Rule 27.26 motion, relying on the holding in *State v. Handley*, 585 S.W.2d 458 (Mo. banc 1979).

■ The sole issue is whether, under the applicable statutes, the trial court properly instructed the jury on second degree murder when the defendant was charged only with first degree felony murder. The Missouri Supreme Court earlier ruled that such a second degree murder instruction was improper. *Handley, supra* at 462. The supreme court reasoned that under § 556.230, RSMo 1969[3] (applicable in *Handley* and this case) second degree murder was not a lesser included offense of felony murder because second degree murder contained an element, the intent to kill, which felony murder did not. Because second degree murder was not a lesser included offense of felony murder the court concluded it was improper to instruct on second degree murder when the defendant had been charged only with first degree felony murder. *Handley, supra.*

The Missouri Supreme Court, however, has overruled the holding in *Handley* in *State v. Wilkerson*, 616 S.W.2d 829 (Mo. banc 1981). The court, in *Wilkerson*, held the *Handley* opinion was flawed because it did not consider § 556.220, RSMo 1969[4] (also applicable in this case). Section 556.-220 permits finding the defendant guilty of

---

1. The present statute is § 565.003, RSMo 1978.

2. The present statute is § 565.004, RSMo 1978.

3. Section 556.230, RSMo 1969 reads:
"Where lesser offense is included in offense charged, defendant may be convicted of lesser. —Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense; and in all other cases, whether prosecuted by indictment or information, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him."

4. Section 556.220, RSMo 1969 reads:
"Accused convicted of offense of lower degree, when.—Upon indictment for any offense consisting of different degrees, as prescribed by this law, the jury may find the accused not guilty of the offense charged in the indictment, and may find him guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such offense, or any degree thereof; and any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide."

any degree of an offense inferior to the one charged. Second degree murder is a degree of murder inferior to first degree felony murder. *Wilkerson, supra* at 833[2]. The supreme court therefore concluded § 556.-220 gave a defendant charged with first degree murder adequate notice, at the time charged, that he faced possible conviction of any inferior degree of homicide. *Wilkerson, supra* at 833[3]. Thus, the trial court could properly instruct on second degree murder. This court must follow the most recent controlling decision of the Missouri Supreme Court. Mo.Const.Art. 5 § 2; *State v. Hegwood,* 558 S.W.2d 378, 381[4–6] (Mo. App.1977). The judgment granting movant's motion must therefore be reversed.

 Movant argues that applying *Wilkerson* to the case under review would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the ex post facto law clause of Article I, § 10 of the United States Constitution and cites *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), to support this proposition. The United States Supreme Court ruled in *Bouie* that a judicial interpretation enlarging a narrow criminal statute may not be applied to persons who committed the acts in question prior to the judicial enlargement of the statute. The Court reasoned first that applying such decisions retroactively would violate due process because the actors would not have adequate notice that their acts constituted a crime. *Bouie, supra* at 355, 84 S.Ct. at 1703. Second, applying such decisions retroactively would operate as an ex post facto law because the person's actions would not be a violation of the law at the time they were performed. *Bouie, supra* at 353–354, 84 S.Ct. at 1702–03.

Movant's application of *Bouie,* although inventive, is not persuasive. The *Wilkerson* opinion did not judicially enlarge the substantive elements of either first degree or second degree murder. *Wilkerson* interpreted a statute. Applying *Wilkerson* to this case, therefore, would not deny movant adequate notice, prior to his action, of what crime or crimes his actions would constitute. The statute, § 556.220, RSMo 1969, which permits a finding of guilty of any degree of an offense inferior to that charged in the indictment, was held in *Wilkerson* to be adequate notice to defendant.

Nor would applying *Wilkerson* subject movant to a conviction under an ex post facto law because the *Wilkerson* ruling did not create a substantive crime subsequent to movant's actions. The *Wilkerson* decision is applicable and controlling in this case.

The judgment is reversed.

CRIST, P. J., and REINHARD, J., concur.