**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Larry ERICSON, Defendant-Appellant.**

**No. 44304.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 24, 1982.

Joseph W. Downey, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Priscilla Gunn, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of manslaughter and his judicially enhanced sentence of ten years. We affirm.

The first contention of error is that the trial court erred in failing to direct a verdict on the charge of second degree murder, because the evidence failed to make a submissible case of that crime. If the evidence was in that respect defective, any error has been corrected by the jury verdict acquitting defendant of that charge. *State v. Adams*, 497 S.W.2d 147 (Mo.1973) [6]; *State v. Eskina*, 606 S.W.2d 270 (Mo.App. 1980) [3]; *State v. Brooks*, 567 S.W.2d 348 (Mo.App.1978) [8]; *State v. Stoer*, 553 S.W.2d 484 (Mo.App.1977) [1].

Defendant also contends that the evidence was insufficient to establish the crime of conventional manslaughter, and that at most it established manslaughter by culpable negligence. Defendant's attack is that the trial court erred in utilizing MAI–CR 15.18 in instructing the jury on manslaughter. Sec. 565.005, RSMo. 1978, creates only one crime of manslaughter which is a killing of a human being by "the act, procurement or culpable negligence of another." Sec. 565.031, RSMo. 1978, provides

one range of punishment for manslaughter. The statute does not create separate crimes of manslaughter. MAI–CR 15.18 is to be used when manslaughter must be instructed on as a lesser included offense, as was true here. MAI–CR 15.00.3.c. MAI–CR 15.20 is to be used only when the manslaughter as charged in the information or indictment is by culpable negligence. MAI–CR 15.18 is sufficiently broad to encompass all aspects of the crime of manslaughter; MAI–CR 15.20 is a more refined instruction limited to the specific charge of manslaughter arising from culpable negligence.[1] Regardless of that, the evidence here was sufficient to support the jury verdict that defendant was guilty of what is referred to as "conventional" manslaughter, not simply manslaughter by culpable negligence.

The evidence established that decedent and a group of other people came to defendant's residence for a Fourth of July barbecue at defendant's invitation. Defendant and decedent, William Bell, were both drinking. Some time after eating the barbecue in the afternoon, defendant and several guests left to purchase Chinese food and more beer. When they returned decedent began arguing that they had been gone too long and accused them of going someplace else. The argument continued for some time with defendant participating. Defendant went into his bedroom and obtained his small caliber pistol. While there he fired a shot into the ceiling to stop the argument. The argument did not stop. Defendant then entered the living room and slipped on a rug falling to the floor. While sitting on the floor defendant intended once again to fire the pistol into the ceiling to terminate the argument. As he was effectuating this intention, the firearm discharged and the bullet struck decedent in the chest resulting in his death.

From this evidence a jury could conclude that defendant intentionally discharged the firearm, causing William Bell's death. That is sufficient for a finding of defendant's guilt of manslaughter. His intent to kill Bell is not an element of the residual crime of manslaughter. *State v. Blockton,* 526 S.W.2d 915 (Mo.App.1975) [9]; *State v. Eldridge,* 564 S.W.2d 603 (Mo.App. 1978) [7]; *State v. Stoer, supra,* [3]; 40 Am.Jur.2d, Homicide § 94.

Defendant's final point involves the failure of the trial court to excuse a venireman for cause following his question to defense counsel during voir dire as to a defendant's motive for not testifying and whether there could be a "moral reason." Throughout his questioning the venireman made it clear that he understood defendant's constitutional right not to testify, the state's burden to prove guilt, and that he would base his decision on the evidence and the instructions of the court. We find no abuse of the trial court's considerable discretion. *State v. Christian,* 604 S.W.2d 758 (Mo.App.1980) [1]. Unlike *State v. Merritt,* 589 S.W.2d 359 (Mo.App.1979) [3] and *State v. Scott,* 482 S.W.2d 727 (Mo. banc 1972) the venireman here clearly and repeatedly demonstrated his willingness and intention to decide the case on the evidence and the instructions. He further did not by his questions indicate prejudice against a non-testifying defendant; at most he sought answers as to the reasons for not testifying,

---

1. We are aware of the fifth paragraph of "Notes on Use" following MAI–CR 15.20 that "manslaughter by culpable negligence is not a lesser included offense of any other offense." We note no citation of authority for this statement. Manslaughter is a lesser included offense of murder second degree. There is only one statute on manslaughter and it does not establish separate offenses of that crime. If the Note on Use means that MAI–CR 15.20 is to be utilized solely when the information or indictment charges manslaughter by culpable negligence, we have no quarrel with it. If it is intended to mean that where the evidence in a second degree (or higher) murder prosecution reflects that the killing occurred because of defendant's culpable negligence he cannot be convicted of manslaughter, we disagree. Conventional manslaughter must be instructed on in every murder case through use of MAI–CR 15.18. That instruction does not exclude conviction because of culpable negligence.

some of which were supplied by the defense counsel. We find no error.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.