Lionel DAVIS, Movant,

v.

STATE of Missouri, Respondent.

No. 44603.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Application to Transfer Denied
June 30, 1983.

James C. Jones, III, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

GUNN, Judge.

There are three issues raised in this Rule 27.26 proceeding to set aside movant's pleas of guilty to first degree murder and second degree assault: (1) whether, after initially being indicted for capital murder, movant may be convicted of first degree murder under substitute information; (2) whether movant was entitled to a preliminary hearing on the substitute information; (3) whether movant's conviction was invalid under the law existing at the time of his plea.

We affirm.

No error occurs by allowing the state to file an amended information on first degree murder after an original charge of capital murder. *State v. Lane,* 629 S.W.2d 343, 347 (Mo. banc 1982).

Regarding the second issue, a preliminary hearing is a procedure which is waived when a defendant pleads guilty, *Cooper v. State,* 520 S.W.2d 666, 667 (Mo. App.1975), or proceeds to trial without objection or request for such hearing. *Bryant v. State,* 604 S.W.2d 669, 677 (Mo.App.1980). No request was made for preliminary hearing in this instance.

Finally, movant argues that *State v. Handley,* 585 S.W.2d 458 (Mo.1979), which was in effect at the time of his plea, holds that a defendant could not initially be charged with capital murder and convicted of first degree murder, as they are separate and distinct offenses. Movant notes that though *State v. Wilkerson,* 616 S.W.2d 829 (Mo. banc 1981), overrules the portion of *Handley* which he relies on, *Handley* was nevertheless in effect at the time of his plea. Thus, so he argues, affirming the conviction would be applying *ex post facto* law prohibited by the United States Constitution. He relies on *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), in support of his argument. But this precise issue was considered, discussed and rejected in *Rogers v. State,* 625 S.W.2d 185, 187 (Mo.App.1981).

Judgment affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.