**STATE of Missouri, Respondent,**

v.

**Charles SITZES, Appellant.**

**No. 45143.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Joseph Downey, Public Defender, Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction, by a jury, of burglary in the second degree in violation of § 569.170 RSMo. 1978. He was found to be a persistent offender, and the court sentenced him to serve a term of 15 years in prison. We affirm.

Defendant was charged with burglarizing the apartment of Laura Dial at 2646 Arsenal, St. Louis, Missouri. Mrs. Dial left her home at 9:30 p. m. on December 18, 1980, and locked her door behind her. At about 2:00 a. m. Tammy Winheim, who lived on the third floor in the building adjacent and attached to Mrs. Dial's, was awakened by noises. She heard a car start and pull up by her driveway. A man got out. Mrs. Winheim awakened her roommate, Jim Bassett, and the two went out on their porch with binoculars. They watched two men go in and out of the neighboring building carrying things in pillowcases and putting them in the car or behind the bush. Bassett called the police.

Officer Long arrived to find a refrigerator or freezer on the back porch of Mrs. Dial's apartment. He entered the building through the open back door and found the apartment in disarray. Officer Dowling arrived to assist. Winheim and Bassett directed their attention to the car which contained household items. Plastic bags filled with household items lay in the backyard.

Bassett told the officers that the two were still in the building. Long went back in and worked his way to the third floor where he heard noises on the roof. He called to Bassett through a window covered by chickenwire which had recently been fastened but was now partially undone. With Bassett's permission, Long went up through their apartment to their porch and climbed a ladder that led to the roof of 2650 Arsenal. There lay defendant and Steve Gettings.

A pane of glass in the back door had been broken and the lock broken off. The officers discovered an open window in the victim's home that opened onto a fire escape which led up to the roof of victim's building. The evidence indicated that the wind chill factor was below 0. The officers brought both Gettings and defendant before Bassett, and he identified them as the people who were going in and out of the house.

Defendant took the stand and testified that he had 10 previous felony convictions. He testified that he was acquainted with a Joe Dayton who was the boyfriend of Mrs. Dial's daughter, Linda Chapman. Joe told defendant that he needed help in moving his things because Linda was threatening to throw them out of the house. Joe offered $25.00 each to defendant and Gettings in return for their help. They met Joe on the corner, he showed them the apartment, and then he left to get beer. Defendant claimed the house was already in disarray when they arrived.

Mrs. Dial testified that her daughter had moved out about a year before trial and gone to live in a place on Geyer with Joe Dayton.

On appeal, defendant raises one point. He contends the trial court committed error when it failed to grant a mistrial after sustaining an objection to a question asked by the prosecuting attorney on cross-examination. The colloquy was as follows:

Q. There is a service station cater-corner on Ohio and Arsenal?

A. Used to be a service station, I think it's more or less a mechanic's garage like.

Q. Mechanics work over there that you talked to?

A. Sir?

Q. There is a mechanic over there that you talk to, right?

A. No, they wreck cars and they do car work over there.

Q. Did you tell a man over there that you wanted to sell him a freezer?

A. A what?

Q. A freezer.

A. No, I did not.

Defense counsel objected to the question on several grounds and moved for a mistrial. The court sustained the objection and instructed the jury to disregard the question, but denied the request for mistrial. On appeal, the defendant claims the court erred by not granting the mistrial. We are not convinced that the grounds defendant stated warranted the court's sustaining the objection. In any event, we find no abuse of discretion in failing to grant a mistrial. The trial court has very broad discretion in determining whether to grant a mistrial. *State v. Blockton,* 526 S.W.2d 915, 918 (Mo. App.1975).

Judgment affirmed.

SNYDER and CRIST, JJ., concur.