STATE of Missouri, Plaintiff–
Respondent,

v.

Dale Wayne SLATON, Defendant–
Appellant.

No. 19070.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 14, 1994.

Application to Transfer Denied
Nov. 22, 1994.

No appearance for plaintiff-respondent.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of committing assault in the third degree upon his wife and sentenced to one year in the county jail. Defendant was charged by a four-count information alleging forcible sodomy, forcible rape, assault in the second degree and felonious restraint. The latter charge was dismissed and not submitted to the jury. Defendant appeals, presenting two points relied on. Although requesting and receiving an extension of time to file a brief, respondent has not done so.

■ Defendant asserts in his first point that the trial court erred in failing to grant his motion for acquittal at the close of all the evidence on one of the counts of the information, assault in the second degree. Defendant contends there was insufficient evidence to support the submission of that count. As defendant was acquitted of that charge, any error in submitting it was corrected by the jury finding defendant not guilty of that count. *State v. Ericson*, 638 S.W.2d 806, 807 (Mo.App.1982). Point one is denied.

■ Defendant contends through his second point that the trial court erred in failing to provide the jury with a not guilty verdict form for assault in the third degree. The record indicates that the following occurred:

"THE COURT: In addition, on the not guilty verdict form for Count III, it reads, 'As to Count III, we the jury find the defendant, Dale Slaton, not guilty.' It does not distinguish between the 2nd Degree assault and the 3rd Degree assault. And by agreement that is the form that is being submitted for not guilty. Is that correct, Mr. Evenson?

MR. EVENSON [Defendant's counsel]: That's correct, your Honor."

By agreeing to the form of verdict, defendant either waived or invited the error, if there was error, and this contention was not preserved for appeal. *State v. Howard,* 615 S.W.2d 498, 500 (Mo.App.1981). We find no reversible error in the points presented nor plain error under Rule 30.20.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.